UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN B. LONG, DAVID BURNHAM, and TRAC REPORTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT and<br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | Civil Action No. 5:23-CV-1564 (DNH/TWD) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel U.S. Immigration and Customs Enforcement (ICE) and U.S. Customs and Border Protection (CBP) to produce records responsive to FOIA requests for each table and field of information stored in the Enforcement Integrated Database (EID) and the ICE Integrated Decision Support database (IIDS). The information requested includes relational information used by the agencies to associate records related to a particular individual, agency action, or series of events. To the extent that the content of such linkage fields is withheld pursuant to a claimed exemption, the requests call for the provision of a substitute method to preserve the function of associating related records. FOIA requires such substitution to preserve the computer function necessary to afford the public access to non-exempt electronic records in the same manner that they are available to the agencies. ICE and CBP have unlawfully withheld the responsive records.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff Susan B. Long is an Associate Professor of Managerial Statistics at the Martin J. Whitman School of Management at Syracuse University. Professor Long resides in Syracuse, New York, and serves as Co-Director of the Transactional Records Access Clearinghouse (TRAC), a data gathering, data research, and data distribution organization associated with Syracuse University (and not formally affiliated with plaintiff TRAC Reports, Inc.). Established in 1989 at Syracuse University, TRAC works to provide the American people and institutions of oversight, such as Congress, news organizations, public interest groups, businesses, scholars, and lawyers, with comprehensive information about the staffing, spending, and enforcement activities of the federal government.

4. Plaintiff David Burnham is a long-time journalist, and a retired Associate Research Professor at the S.I. Newhouse School of Public Communications at Syracuse University. Plaintiff Burnham is also Co-Director of TRAC Reports, Inc.

5. Plaintiff TRAC Reports, Inc., is a 501(c)(3) organization incorporated and located in Syracuse, New York, that was formed to make data and analyses regarding government performance available to the public, so as to foster smarter oversight and better-informed public debate. TRAC Reports makes available data, information, and analyses regarding government performance for research, public interest, academic, scientific, and journalistic purposes, and it provides financial support for the efforts of plaintiffs Long and Burnham to obtain information from the government in support of their research and that of other scholars and journalists.

6. Although Syracuse University supports TRAC's efforts, the University is not a party to or otherwise affiliated with this litigation. Plaintiffs Burnham and Long are filing this action in their capacities as academic researchers and not as representatives of Syracuse University. Plaintiff TRAC Reports is not an affiliate or representative of Syracuse University.

7. Defendant ICE is an agency of the federal government of the United States and has possession of and control over records that plaintiffs seek.

8. Defendant CBP is an agency of the federal government of the United States and has possession of and control over records that plaintiffs seek.

**FACTS**

9. On September 21, 2023, plaintiffs submitted a FOIA request to ICE through the agency's online portal. The request provided the following description of the records requested:

> Under the provisions of the Freedom of Information Act we are requesting a copy of each table and field of information stored in the current Enforcement Integrated Database (EID) and the current ICE Integrated Decision Support Database (IIDS). We request that ICE provide the most current records from the EID and IIDS that exist as of the date of this letter, or at the time of the search (whichever is later).
>
> Many of the requested fields utilize some sort of abbreviation or code to record the information. Our request includes a current copy of any code files, lookup tables, or other records which translate each code into its corresponding meaning. We further request for each lookup table, or equivalent, records containing the specific location and identity or identities of the fields in the database where these codes are used.
>
> Our request includes **relational information**—that is, any field of information contained in the database used to link tables together within each database (i.e, "linkage fields"). Linkage fields are used by the agency to associate records related to the same individual, agency action, or series of events.
>
> We understand that the content of certain linkage fields may be exempt from disclosure and the agency may redact such content before producing the responsive records. However, to the extent the agency redacts fields (including linkage fields) that are needed to identify records pertaining to the same individual, action, or event, we request that a substitute method be provided to preserve the function of associating related records.

The request explained that there are several alternative methods by which ICE can provide substitute keys or codes to link information among the various tables in the databases, and it provided examples of methods ICE has used in response to other FOIA requests. The request also asked that the data be output table by table and use a csv, tab-delimited, or similar file format that retains the structure of the underlying data, and the request sought a fee waiver based on plaintiffs' status as educational and media requesters.

10. In an email dated September 27, 2023, ICE's FOIA office confirmed that the request was received by ICE on September 21, 2023. ICE assigned the request reference number 2023-ICFO-43890.

11. Under 5 U.S.C. § 552(a)(6)(A), an agency must notify a FOIA requester within 20 working days after receiving a FOIA request of its determination whether to comply with the request. An agency may extend this deadline by up to 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). In its email of September 27, 2023, ICE invoked the statutory 10-day extension.

12. More than 30 working days have now elapsed since ICE's receipt of the September 21, 2023, FOIA request. ICE has neither notified plaintiffs that it has determined whether to comply with the request nor produced any records in response to the request.

13. On September 21, 2023, plaintiffs submitted a FOIA request to CBP through the agency's online portal. The request explained that the Nationwide Encounters Dataset CBP makes available for public download is updated monthly and contains aggregate counts of all CBP "encounters" from Fiscal Year (FY) 2020 to date but does not provide the underlying case-by-case data and does not include information on what ultimately happens to each individual CBP encounters. The request provided the following description of the records requested:

> Under the provisions of the Freedom of Information Act we request person-by-person data on each individual CBP has encountered from FY 2020 up to the date of this letter or the time of search (whichever is later). By "encountered" we use the same definition for "encounters" currently used in the Nationwide Encounters Dataset. We ask that we be provided with a copy of all records and fields about or concerning each of these individuals currently contained in the Enforcement Integrated Database (EID). Coverage of our request includes all information whether relating to time periods before, during, or after each person's current encounter.
>
> Many of the requested fields utilize some sort of abbreviation or code to record the information. Our request includes a current copy of any code files, lookup tables, or other records which translate each code into its corresponding meaning. We further request for each lookup table, or equivalent, records containing the specific location and identity or identities of the fields in the database where these codes are used.
>
> Our request includes **relational information**—that is, any field of information contained in the database used to link tables together (i.e, "linkage fields"). Linkage fields are used by the agency to associate records related to the same individual, agency action, or series of events.
>
> We understand that the content of certain linkage fields may be exempt from disclosure and the agency may redact such content before producing the responsive records. However, to the extent the agency redacts fields (including linkage fields) that are needed to identify records pertaining to the same individual, action, or event, we request that a substitute method be provided to preserve the function of associating related records.

The request explained that there are several alternative methods by which CBP can provide substitute keys or codes to link information among the various tables in the databases, and it provided examples of methods CBP's sister agency, ICE, has used in response to other FOIA requests. The request also asked that the data be output table by table and use a csv, tab-delimited, or similar file format that retains the structure of the underlying data, and the request sought a fee waiver based on plaintiffs' status as educational and media requesters.

14.     In an email dated September 22, 2023, CBP confirmed that the FOIA request was received by CBP on September 21, 2023. The request has been assigned FOIA tracking number

5

CBP-FO-2023-142324. CBP noted that "FOIA does permit a 10-day extension" of the statutory 20-business-day deadline, but CBP did not expressly invoke an extension.

15. More than 20 (and more than 30) business days have elapsed since CBP's receipt of the September 21, 2023, FOIA request. CBP has neither notified plaintiffs that it has determined whether to comply with the request nor produced any records in response to the request.

### FIRST CLAIM FOR RELIEF

16. Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3), to the records they requested from ICE. ICE has no legal basis for failing to disclose these records to plaintiffs.

17. Under 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(a)(6)(B)(i), ICE was required to make a determination and notify plaintiffs of their right to appeal any adverse determination within 20 working days of receipt of their request, with the possibility of an extension of no more than 10 working days. More than 30 working days have passed, and ICE has provided no substantive response to the September 21, 2023, FOIA request.

### SECOND CLAIM FOR RELIEF

18. Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3), to the records they requested from CBP. CBP has no legal basis for failing to disclose these records to plaintiffs.

19. Under 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(a)(6)(B)(i), CBP was required to make a determination and notify plaintiffs of their right to appeal any adverse determination within 20 working days of receipt of their request, with the possibility of an extension of no more than 10 working days. More than 30 working days have passed, and CBP has provided no substantive response to the September 21, 2023, FOIA request.

**PRAYER FOR RELIEF**

Plaintiffs request that this Court:

(1) Declare that ICE's withholding of the requested records is unlawful;

(2) Declare that CBP's withholding of the requested records is unlawful;

(3) Order ICE and CBP to make the requested records available to plaintiffs at no charge and without delay;

(4) Award plaintiffs their costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Award such other relief as this Court deems just and proper.

Dated: December 12, 2023                 Respectfully submitted,

*s/ John Peng*
John Peng
Prisoners' Legal Services of New York
41 State Street, Suite M112
Albany, NY 12207
(518) 694-8699 ext. 2102
jpeng@plsny.org

Nicolas Sansone
(*Pro Hac Vice* application to be filed)
Michael T. Kirkpatrick
(*Pro Hac Vice* application to be filed)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7714
nsansone@citizen.org

*Counsel for Plaintiffs*