

United States Department of Justice

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*     Tel.: (315) 448-0672
*James M. Hanley Federal Building*             Fax: (315) 448-0646
*Syracuse, New York 13261-7198*

June 14, 2024

**VIA CM/ECF**
Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, New York 13261-7346

    Re:    *Long et al. v. U.S. ICE & U.S. CBP*:  United States' Position on Discovery
             Civil Action No.: 5:23-CV-1564 (DNH/TWD)

Dear Judge Dancks:

    This office represents Defendants in this Freedom of Information Act ("FOIA") case. This Court has scheduled a conference for June 17, 2024. In relation to the conference, this Court issued two text orders directing the parties to be ready to discuss discovery at the upcoming conference. *See* Dkt. # 24, 28. While Defendants will be ready to discuss their position on discovery and the procedure surrounding this FOIA case more generally at the conference, Defendants respectfully submit this letter to provide the Court with an explanation of their position that discovery is not warranted prior to motion practice.

    While the United States recognizes courts have the ability to order discovery, "[i]n FOIA actions[,] . . . discovery is disfavored." *Justice v. I.R.S.*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011), aff'd, 485 F. App'x 439 (D.C. Cir. 2012) (citations omitted); *Schrecker v. U.S. Dep't of Just.*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003) ("Discovery in FOIA is rare."). Generally, any discovery is ordered after an issue arises after summary judgment briefing. Notably, where the initial summary judgment briefing leaves the Court with further questions, courts have often opted to first let the Government supplement its submissions before ordering discovery. "If the agency's declarations are deficient, courts generally will request a supplement before ordering discovery." *Reich v. U.S. Dep't of Energy*, 784 F. Supp. 2d 15, 24 (D. Mass.), *on reconsideration as to other issues*, 811 F. Supp. 2d 542 (D. Mass. 2011). Indeed, "in these cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery" because "in FOIA . . . cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). Indeed, this procedural practice has been noted in FOIA litigation involving these Plaintiffs before. *Long v. Off. of Pers. Mgmt.*, 692 F.3d 185 (2d Cir. 2012).

Letter to Hon. Thérèse Wiley Dancks
*Long et al. v. U.S. ICE & U.S. CBP*
Civil Action No.: 5:23-CV-1564 (DNH/TWD)
June 14, 2024
Page 2

Even when a court orders discovery, the courts have recognized "discovery may be greatly restricted in FOIA cases." *Heily v. U.S. Dep't of Com.*, 69 F. App'x 171, 174 (4th Cir. 2003); *Tax Analysts v. I.R.S.*, 410 F.3d 715, 722 (D.C. Cir. 2005) ("Tax Analysts's demand for further inquiry into the substance of the documents would, if granted, turn FOIA on its head . . . . The courts must not grant FOIA plaintiffs discovery that would be tantamount to granting the final relief sought."). Generally, courts that issue orders permitting discovery require Plaintiffs to establish a factual predicate for the discovery and limit discovery to the factual issue presented. *Id.*

The United States appreciates the Court's time in reviewing this submission as well as in conducting the upcoming conference and looks forward to discussing this matter and the case more generally further with the Court on Monday.

                                                Respectfully Submitted,

                                                CARLA B. FREEDMAN
                                                United States Attorney

By:    /s/_____
       David M. Katz
       Assistant United States Attorney
       Bar Roll No. 700065