

United States Department of Justice

United States Attorney
Northern District of New York

| | |
|---|---|
| 100 South Clinton Street, P.O. Box 7198 | Tel.: (315) 448-0672 |
| James M. Hanley Federal Building | Fax: (315) 448-0646 |
| Syracuse, New York 13261-7198 | |

August 5, 2024

**VIA CM/ECF**
Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, New York 13261-7346

      Re:    *Long et al. v. U.S. ICE & U.S. CBP*: Joint Status Report
              Civil Action No.: 5:23-CV-1564 (DNH/TWD)

Dear Judge Dancks:

      This office represents Defendants in this Freedom of Information Act ("FOIA") case. Please accept this letter as a joint status report as required by this Court's Text Order dated June 17, 2024. *See* Dkt. # 30. As this Court is aware, Plaintiffs made a proposal on April 19, 2024, to settle this case. Defendants replied on June 7, 2024, stating that Immigration and Customs Enforcement was assessing Plaintiffs' proposal and that cybersecurity concerns necessitated further internal analysis. On June 20, 2024, following a status conference before this Court, Plaintiffs served Defendants with a letter proposing three alternatives for an interim production. Plaintiffs' April 19, 2024, proposal remained pending during this time. On July 22, 2024, Defendants served a letter stating Plaintiffs' interim production proposals presented similar concerns to Plaintiffs' broader April 19 settlement proposal, which led Defendants to decline Plaintiffs' interim proposals. Defendants did not offer a counterproposal to either the April 19 settlement proposal or Plaintiffs' June 20, 2024, proposals for interim production.

      Counsel for Plaintiffs and Defendants met and conferred on July 26, 2024, to determine how to proceed, including whether the parties felt a meet-and-confer with party representatives would be advantageous given the status of settlement discussions. Counsel for all parties agreed the matter had reached impasse and that a meet-and-confer with the principals would not be productive.[1] After further discussion, counsel agreed the next step in this litigation would likely be briefing cross-motions for summary judgment. Counsel accordingly focused on a proposed briefing schedule and, in light of the complex and technical issues the parties believe briefing will present, also agreed to a proposal to increase the page limits for the briefing.

---

[1] However, the parties are willing to schedule a meet-and-confer if this Court believes the parties should further engage.

Letter to The Hon. Thérèse Wiley Dancks
*Long et al. v. U.S. ICE & U.S. CBP*
Civil Action No.: 5:23-CV-1564
August 5, 2024
Page 2

The following proposal is the result of those discussions:

| Due Date | Filing | Memorandum of Law Page Limit |
|---|---|---|
| October 1, 2024 | Defendants' Moving Papers | 40 pages |
| November 8, 2024 | Plaintiffs' Opposition Papers/ Cross-Motion Papers (if filed) | 40 pages |
| December 3, 2024 | Defendants' Reply Papers/ Opposition Papers (if a cross-motion is filed) | 20 pages |
| December 30, 2024 | Plaintiffs' Reply Papers (if a cross-motion is filed) | 20 pages |

Additionally, Plaintiffs raised the possibility that they might file a motion for discovery, after reviewing Defendants' motion papers, should Plaintiffs believe that factual representations made in support of Defendants' motion for summary judgment justify such a motion. Defendants' position on discovery remains unchanged: discovery in FOIA cases is disfavored and, if ordered, greatly limited. *See* Dkt. # 29. Defendants believe any motion for discovery would be premature before Plaintiffs respond to Defendants' motion for summary judgment. However, to the extent Plaintiffs intend to file a motion for discovery after reviewing Defendants' motion papers, Plaintiffs agree to serve a notice of their intention by October 8, 2024, so that the parties can meet and confer regarding whether Plaintiffs' intended motion affects the briefing schedule or the issues in this case.

Given the evolution of this case, the parties defer to the Court as to whether a further conference is needed. If not, the parties respectfully request this Court "so order" this letter below.

CARLA B. FREEDMAN
United States Attorney

By:      /s/
David M. Katz
Assistant United States Attorney
Bar Roll No. 700065

Letter to The Hon. Thérèse Wiley Dancks
*Long et al. v. U.S. ICE & U.S. CBP*
Civil Action No.: 5:23-CV-1564
August 5, 2024
Page 3

CC:     Counsel for all parties of record (via CM/ECF)

**IT IS SO ORDERED:**

_____
**Hon. Thérèse Wiley Dancks**