UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN B. LONG, DAVID BURNHAM, and TRAC REPORTS, INC.<br><br>    Plaintiffs,<br><br>  v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and<br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>    Defendants. | Civil Action No.:   5:23-cv-01564<br>(DNH/TWD) |

**MEMORANDUM OF LAW IN SUPPORT OF
U.S. CUSTOMS AND BORDER PROTECTION'S
MOTION FOR SUMMARY JUDGMENT**

CARLA B. FREEDMAN
United States Attorney

By:    David M. Katz
       Assistant United States Attorney
       100 South Clinton Street
       Syracuse, New York 13202

## TABLE OF CONTENTS

Table Of Authorities ........................................................................................................... ii

Preliminary Statement .........................................................................................................1

Factual Background And Procedural History .....................................................................1

Standard Of Review ............................................................................................................2

Argument .............................................................................................................................3

    I.    Plaintiffs' FOIA Claim Against CBP Fails Because CBP Cannot Have "Withheld" Data Stored In The EID That CBP Does Not Possess or Control. ...............................................................................3

    II.    Plaintiffs' FOIA Claim Against CBP Fails Because Neither The EID Nor Its Data Constitutes A CBP "Agency Record" Under FOIA. ..........................5

    III.    The Plain Language Of Plaintiffs' FOIA Request Renders Any CBP Search Futile. ..............................................................................................10

Conclusion .........................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Am.-Arab Anti-Discrimination Comm. v. U.S. Dep't of Homeland Sec.*,
    516 F. Supp. 2d 83 (D.D.C. 2007) ........................................................................... 10

*Anderson v. U.S. Dep't of Just.*,
    518 F. Supp. 2d 1 (D.D.C. 2007) ................................................................................ 6

*Behar v. United States Dep't of Homeland Sec.*,
    39 F.4th 81, 89 (2d Cir. 2022),
    *cert. denied* 143 S. Ct. 2431 (2023) ........................................................................... 6

*Bloomberg, L.P. v. Bd. of Governors of Fed. Reserve Sys.*,
    649 F. Supp. 2d 262 (S.D.N.Y. 2009), *aff'd*, 601 F.3d 143 (2d Cir. 2010) ................. 2

*Bureau of Nat. Affairs, Inc. v. U.S. Dep't of Just.*,
    742 F.2d 1484 (D.C. Cir. 1984) ................................................................................ 10

*Callaway v. U.S. Dep't of Treasury*,
    893 F. Supp. 2d 269 (D.D.C. 2012) ............................................................................ 3

*Cox v. Dep't of Just.*,
    111 F.4th 198 (2d Cir. 2024) ...................................................................................... 7

*Defs. of Wildlife v. U.S. Border Patrol*,
    623 F. Supp. 2d 83 (D.D.C. 2009) .............................................................................. 2

*Dipietro v. Exec. Off. for U.S. Att'ys*,
    357 F. Supp. 2d 177 (D.D.C. 2004) ............................................................................ 6

*Espino v. Dep't of Just.*,
    869 F. Supp. 2d 25, 28 (D.D.C. 2012) ........................................................................ 3

*Forsham v. Harris*,
    445 U.S. 169 (1980) ................................................................................................ 5, 6

*Fox News Network, LLC v. Bd. of Governors of the Fed. Rsrv. Sys.*,
    601 F.3d 158 (2d Cir. 2010) ....................................................................................... 5

*Hussain v. U.S. Dep't of Homeland Sec.*,
    674 F. Supp. 2d 260 (D.D.C. 2009) ............................................................................ 3

*Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Nat'l Mediation Bd.*,
    712 F.2d 1495 (D.C. Cir. 1983) .................................................................................. 6

*Kayll v. U.S. Dept. of Homeland Sec.*, 2024 WL 81231 (D.D.C. Jan. 8, 2024),
    *appeal dismissed*, 2024 WL 3504310 (D.C. Cir. Feb. 6, 2024) ......................... passim

*Kissinger v. Reps. Comm. for Freedom of the Press*,
   445 U.S. 136, 150 (1980) ................................................................................................ 3, 4

*Knight First Amendment Inst. at Columbia Univ. v. U.S. Citizenship & Immigr. Serv.*,
   30 F.4th 318 (2d Cir. 2022) ................................................................................................ 2

*Landmark Legal Found. v. E.P.A.*,
   272 F. Supp. 2d 59 (D.D.C. 2003) ..................................................................................... 5

*Lane v. Dep't of Just.*,
   No. 1:02-CV-06555-ENVVVP,
   2006 WL 1455459 (E.D.N.Y. May 22, 2006) ................................................................... 3

*Miller v. Casey*, 730 F.2d 773 (D.C. Cir. 1984) ..................................................................... 10

*Pena v. U.S. Customs & Border Patrol*,
   No. 06CV2482 (NG)(LB),
   2007 WL 1434871 (E.D.N.Y. May 14, 2007) ................................................................... 3

*Tax Analysts v. Dep't of Justice*,
   845 F.2d 1060 (D.C. Cir. 1988) ................................................................................ 7, 8, 9

*U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*,
   489 U.S. 749 (1989) ........................................................................................................... 2

*U.S. Dep't of Just. v. Tax Analysts*,
   492 U.S. 136 (1989) ........................................................................................................... 6

*Whitaker v. Dep't of Com.*,
   970 F.3d 200 (2d Cir. 2020) ............................................................................................. 10

**Statutes**

5 U.S.C. § 552 ............................................................................................................................ 1, 2

6 U.S.C. § 252 ............................................................................................................................ 1, 5

6 U.S.C. § 211 ............................................................................................................................ 1, 5

**PRELIMINARY STATEMENT**

Plaintiffs seek information from the Enforcement Integrated Database ("EID") from two separate components of the Department of Homeland Security ("DHS"): Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP"). CBP has only limited rights to use the EID. ICE owns and operates the EID. CBP does not. ICE maintains the EID data. CBP does not. Therefore, CBP did not "withhold" any responsive "agency records" within its possession and control. For these reasons, this Court should hold Plaintiffs' claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, fails as against CBP and should be dismissed accordingly.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In September 2023, Plaintiffs submitted a (now superseded) FOIA request to CBP. Plaintiffs requested, "person-by person data on each individual CBP has encountered from FY 2020 up to the date of this letter or the time of search (whichever is later) . . . currently contained in the Enforcement Integrated Database (EID)." Katz Decl. Exh. **"B"**. Plaintiffs sought "all information" for each person within the EID "whether relating to time periods before, during, or after each person's current encounter." *Id.* Plaintiffs also sought to preserve "relational information" (as Plaintiffs use that term). *Id.* The next day, CBP acknowledged receipt of the request and assigned the request a FOIA tracking number. Howard Decl., ¶ 7. Three months later, Plaintiffs filed this lawsuit. Dkt. # 1. Plaintiffs also seek relief against ICE related to a separate FOIA request, submitted to ICE, seeking EID data from ICE. *Id.*; Katz Decl. Exh. **"A"**.

Almost eight months into this litigation, Plaintiffs submitted a letter to defense counsel stating their intention to narrow their FOIA requests to ICE and CBP. The letter directs no request toward CBP specifically, even though ICE and CBP are separate DHS components with distinct statutory responsibilities. *See* 6 U.S.C. § 211(c) (establishing CBP and delineation of CBP's

duties); 6 U.S.C. § 252 (establishing the Bureau of Border Security); H.R. Doc. No. 108-32, at 1 (renaming the "Bureau of Border Security" the "Bureau of Immigration and Customs Enforcement"). Instead, the letter grouped ICE and CBP together as "the Agencies." Katz Decl. Exh. **"C"**. The letter states Plaintiffs only challenge "the Agencies' failure to produce . . . three subsets of records from within the EID" in this litigation. *Id.*[1]

## STANDARD OF REVIEW

Summary judgment is the preferred method for resolving FOIA disputes. *Bloomberg, L.P. v. Bd. of Governors of Fed. Reserve Sys.*, 649 F. Supp. 2d 262, 271 (S.D.N.Y. 2009), *aff'd*, 601 F.3d 143 (2d Cir. 2010). The FOIA "places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" *U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)). "In a FOIA case, the Court may award summary judgment solely on the basis of information provided in [agency] affidavits or declarations when the affidavits or declarations are relatively detailed and non-conclusory." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citations omitted). Indeed, on summary judgment, the Court is to accept an agency's declarations as true unless they are "controverted by either contrary evidence in the record or by evidence of agency bad faith." *Knight First Amendment Inst. at Columbia Univ. v. U.S. Citizenship & Immigr. Servs.*, 30 F.4th 318, 329 (2d Cir. 2022).

---

[1] For the purposes of this motion only, CBP accepts the August 1, 2024, letter as the operative FOIA request in this litigation. CBP does not concede the propriety of the letter (or the process of mid-litigation narrowing of FOIA requests generally) for any purpose other than this motion. CBP makes this threshold Motion for Summary Judgment on the issue that the information Plaintiffs seek through their FOIA request is not in CBP's possession or control, and not CBP agency records—CBP reserves its right to make further motions as appropriate.

# ARGUMENT

Plaintiffs' Operative FOIA Request explicitly seeks "the contents of the EID," which is a database owned and operated by ICE. Katz Decl. Exh. **"C"**. Establishing a FOIA claim requires proof that a Defendant (1) "improperly" (2) "withheld" (3) "agency records." *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). Further, an agency is not required to search for documents that it knows it does not possess, control, or maintain. *See Espino v. Dep't of Just.*, 869 F. Supp. 2d 25, 28 (D.D.C. 2012). While CBP has limited rights to transmit data to the EID and to access EID data, CBP does not possess or control the EID. Therefore, CBP has not "withheld" any CBP "agency records."

### I. Plaintiffs' FOIA Claim Against CBP Fails Because CBP Cannot Have "Withheld" Data Stored In The EID That CBP Does Not Possess or Control.

"To 'withhold' documents is to refuse to give documents within the agency's control to the requestor or to deny a valid request." *Lane v. Dep't of Just.*, No. 1:02-CV-06555-ENVVVP, 2006 WL 1455459, at *11 (E.D.N.Y. May 22, 2006) (citations omitted); *Hussain v. U.S. Dep't of Homeland Sec.*, 674 F. Supp. 2d 260 (D.D.C. 2009). A component "need not produce records maintained by another federal government [entity] or obtain records from any other sources." *Callaway v. U.S. Dep't of Treasury*, 893 F. Supp. 2d 269, 275 (D.D.C. 2012); *Pena v. U.S. Customs & Border Patrol*, No. 06CV2482 (NG)(LB), 2007 WL 1434871, at *2 (E.D.N.Y. May 14, 2007). A component cannot be said to withhold records that are not in its possession or control. *Id.*

The Supreme Court's decision in *Kissinger v. Reps. Comm. for Freedom of the Press,* 445 U.S. 136 (1980), is instructive. 445 U.S. at 139. *Kissinger* involved three FOIA requests, two of which are relevant here. Two FOIA requests had been submitted for notes from telephone calls the former Secretary of State had made during his tenure. *Kissinger*, 445 U.S. at 140. However, the former Secretary of State "arranged to move the telephone notes from his office in the State

- 3 -

Department." *Id.* By the time litigation had commenced, the telephone notes were housed in the Library of Congress. *Id.* The Court began its FOIA analysis by noting, "[u]nder 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger*, 445 U.S. at 150. The Court focused on whether the documents had been "withheld" by the agency. *Id.* The Court found, "Congress did not mean that an agency improperly withholds a document which has been removed from the possession of the agency prior to the filing of the FOIA request." *Id.* The Court reasoned, "[i]n such a case, the agency has neither the custody or control necessary to enable it to withhold." *Id.* at 151. Likewise, the FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." *Id.* at 152.

Here, as in *Kissinger*, the operative—and dispositive—inquiry is whether CBP had possession and control over the EID data Plaintiffs seek from within the EID at the time Plaintiffs submitted their FOIA request to CBP. CBP did not. Howard Decl., ¶¶ 15–16. ICE owns and operates the EID. Gibney Decl., ¶ 12; Fontaine Decl., ¶ 4. Likewise, ICE stores the EID data. Gibney Decl., ¶ 12; Fontaine Decl., ¶ 4. While CBP may transmit certain data to the EID, CBP loses possession and control over said data once transmitted to the EID. *See* Howard Decl., ¶¶ 9–12, 14; *cf. Kyall v. U.S. Dep't of Homeland Sec.*, No. CV 22-2830 (JDB), 2024 WL 81231 (D.D.C. Jan. 8, 2024) ("Because CBP seems to lack actual or constructive possession . . . , the case raises the question whether CBP can fairly be said to have 'withheld' a record at all."), *appeal dismissed*, 2024 WL 3504310 (D.C. Cir. Feb. 6, 2024). Accordingly, CBP has neither the possession nor control necessary to withhold the data Plaintiffs seek from within the EID. Thus, CBP did not withhold the requested documents, and summary judgment should be granted in CBP's favor on this basis alone.

## II. Plaintiffs' FOIA Claim Against CBP Fails Because Neither The EID Nor Its Data Constitutes A CBP "Agency Record" Under FOIA.

Plaintiffs' FOIA claim against CBP also fails because the data contained within the EID—which is owned and operated by ICE—does not constitute a CBP agency record. "The Freedom of Information Act deals with 'agency records,' not information in the abstract." *Forsham v. Harris*, 445 U.S. 169, 185 (1980). "It is well settled that a FOIA request pertains only to documents in the possession of the agency at the time of the FOIA request" and, therefore, "[t]hat an agency once possessed responsive documents but does not at the time of the FOIA request does not preclude summary judgment in the agency's favor." *Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 59, 66 (D.D.C. 2003). "[A]gency records are documents that an agency (1) either creates or obtains and (2) controls at the time the FOIA request is made.'" *Cox v. Dept. of Just.*, 111 F.4th 198, 208 (2d Cir. 2024) (cleaned up); *see also Fox News Network, LLC v. Bd. of Governors of the Fed. Rsrv. Sys.*, 601 F.3d 158, 160 (2d Cir. 2010). Plaintiffs' Operative FOIA Request fails both prongs of the agency record test as to CBP.

First, CBP did not create or obtain the EID data as requested by Plaintiffs. Plaintiffs seek "the contents of the EID." Katz Decl. Exh. **"C"**. The EID is a common database repository, owned, operated, and managed by ICE. *See* Howard Decl., ¶ 9; Gibney Decl., ¶ 12; Fontaine Decl., ¶ 4. ICE and CBP are two separate agencies within the Department of Homeland Security, with distinct statutory responsibilities. *See* 6 U.S.C. § 211(c); 6 U.S.C § 252; H.R. Doc. No. 108-32, at 1. CBP does not own, operate, or manage the EID. Howard Decl., ¶¶ 9, 10, 17. As a limited user of the EID, CBP has the ability to enter certain information into the EID through applications and CBP can access certain EID data, but it does not have the ability to "retrieve or produce records directly from within the EID that would be responsive to Plaintiffs' request." Howard Decl., ¶ 17. Additionally, CBP did not create EID "code files" or "lookup tables" that would translate all of

the specific codes used in connection with the datapoints requested in Parts 1 and 2 of Plaintiffs' request and CBP does not possess those files in the form Plaintiffs seek that information. Howard Decl., ¶ 16. Accordingly, the requested materials are not a CBP record within the meaning of FOIA, because CBP did not either create or obtain the requested materials. *Forsham*, 445 U.S. at 186.

Second, CBP does not control the EID. "[A]gency control is key to determining whether materials qualify as agency records under FOIA." *Behar v. United States Dep't of Homeland Sec.*, 39 F.4th 81, 89 (2d Cir. 2022), *cert. denied* 143 S. Ct. 2431 (2023) (cleaned up). Transitory possession of information does not constitute control. *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Nat'l Mediation Bd.*, 712 F.2d 1495 (D.C. Cir. 1983). "Nor does the FOIA require an agency to retain or retrieve documents which previously had been in its possession." *Anderson v. U.S. Dep't of Just.*, 518 F. Supp. 2d 1, 10 (D.D.C. 2007). Likewise, a mere "right of access to . . . materials" does not "change" the analysis. *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144 (1989); *Forsham*, 445 U.S. 186 ("FOIA applies to records which have been *in fact* obtained, and not to records which merely *could have been* obtained."); *accord Dipietro v. Exec. Off. for U.S. Att'ys*, 357 F. Supp. 2d 177, 182 (D.D.C. 2004) ("No agency is obligated to produce records that it does not maintain."). CBP has limited rights with regard to the ICE owned and operated EID. Howard Decl., ¶¶ 9, 10, 17.

Here, once CBP transmits information to the EID through applications, ICE "stores and maintains" the information as EID data. Gibney Decl., ¶ 12. Indeed, as ICE explains, the EID "is a common database repository owned and operated by ICE" that "captures and maintains information during . . . operations conducted by ICE and CBP, among others." *Id.*, ¶ 9; *see also id.*, ¶ 12 ("The EID is the common database repository for all records created, updated, and

accessed by a number of software applications, including several DHS law enforcement and homeland security applications.").

Indeed, several facts undermine any claim that CBP controls the EID or its data. First, CBP does not even have access to the entire EID database. Howard Decl., ¶ 11. Second, because of its limited input and access roles, CBP does not know when another EID user accesses or modifies data previously transmitted by CBP to the EID. Howard Decl., ¶ 12; *cf.* Gibney Decl., ¶ 20 ("Transactional databases, like EID, are primarily designed to allow efficient access by users for high-speed, real-time operations that involve frequent updates, inserts, and deletions"). Third, and more generally, CBP is not responsible for maintaining the EID or its data, or for deciding how long that information will be retained within the EID. Howard Decl., ¶ 14. Additionally, CBP does not maintain any code files or look-up tables for the EID that would translate the specific codes used in connection with the datapoints contained in Parts 1 and 2 of Plaintiffs' request. Howard Decl., ¶ 16. In sum, although CBP has access to the EID and transmits certain data to the EID, once the data has been transmitted, CBP's right to use, preserve, or retain that data is restricted, and the data is not subject to the free disposition of CBP. Accordingly, CBP does not have control over the requested records, and as such, the requested records do not constitute CBP agency records.

Plaintiffs' request does not fare better under the D.C. Circuit's four-factor analysis announced in *Tax Analysts v. Dep't of Justice*, 845 F.2d 1060 (D.C. Cir. 1988). While the Second Circuit has not adopted the D.C. Circuit test in this context, the Second Circuit has applied portions of the test in the context of cases involving Congressional document requests (which are not subject to the FOIA). *Cox v. Dep't of Just.*, 111 F.4th 198 (2d Cir. 2024). CBP maintains that this Court should apply the Supreme Court's test governs this analysis and therefore this Court should

not resort to the D.C. Circuit's test. In any event, the test would be "inapposite" in this case "[b]ecause CBP seems to lack actual or constructive possession of the document at issue," as explained in Point I. *Kayll*, 2024 WL 81231, at *3. However, CBP offers the following analysis to pre-emptively belie any claim that Plaintiffs would prevail under the D.C. Circuit's four-factor analysis either.

First, courts look at "the intent of the . . . creator to retain or relinquish control over the records." *Tax Analysts*, 845 F.2d at 1069.[2] While CBP transmits information to the EID, CBP does not intend to—and in fact does not—retain control over the EID or its data once CBP transmits the data to the EID. Howard Decl., ¶¶ 11–12. CBP's intent to *release* control over the data to ICE is exemplified by the fact that other EID users may modify any data transmitted by CBP and CBP is not notified of such change. Howard Decl., ¶ 12. Moreover, "[t]hat CBP retains an ability to access the [EID data] and even points its officers to it . . . does not create a genuine dispute as to whether CBP intended to relinquish control." *Kayll*, 2024 WL 81231, at *6.

Second, courts look at "the ability of the agency to use and dispose of the record as it sees fit." *Tax Analysts*, 845 F.2d at 1069. ICE, not CBP, owns and operates the EID and its data. ICE retains responsibility for retention of EID records. Howard Decl., ¶¶ 14. Moreover, CBP cannot use EID data as it sees fit. The EID is a transactional database primarily designed to allow efficient access for high-speed, real-time operations that involve frequent updates, inserts, and deletions by other users. *See* Howard Decl., ¶ 12, 13; Gibney Decl., ¶ 20. Thus, CBP does not have the ability

---

[2] At the outset, it bears noting that CBP contributes certain data to the EID, but "CBP did not 'create' a record in the ordinary sense" but rather "collects certain data" that it "transmit[s] to the EID." *Compare Kyall*, 2024 WL 81231, at *5 *with* Howard Decl., ¶ 13. Even assuming CBP creates certain EID records, CBP lacks the requisite intent to retain those records for this factor to weigh in Plaintiffs' favor here.

to use or dispose of "all datapoints" that are "directly or indirectly linked" to the subjects of the records Plaintiffs seek. And "CBP's ability to continue accessing the [data] is less relevant to control than [ICE's] authority to decide how that document is disclosed or deleted in the future because an agency may remain able to access documents without having control over them." *Kayll*, 2024 WL 81231, at *6.

Third, courts look at "the extent to which agency personnel have read or relied upon the document." *Tax Analysts*, 845 F.2d at 1069. Here, Plaintiffs do not seek a "document" but rather seek data from the EID—and Plaintiffs seek broad-ranging data with specific production requirements—which necessarily influences the analysis. Moreover, insofar as Plaintiffs seek complex data production requiring the laborious (and, indeed, according to ICE, unduly burdensome) work that requires an intimate understanding of the EID, CBP is not even in a position to determine what the requested data would encompass, let alone have read or relied upon it. Likewise, while CBP uses certain EID data (and indeed creates some information transmitted to the EID) in the course of its law enforcement mission, CBP does not read or rely upon the broad swath of data Plaintiffs seek in the form Plaintiffs seek it (i.e. all EID data directly or indirectly linked to a person from within the EID).

Fourth, courts look at "the degree to which the document [or, here, a database] was integrated into the agency's record system or files." *Tax Analysts*, 845 F.2d at 1069. This factor is somewhat ill-fitting to Plaintiffs' Operative FOIA Request, because Plaintiffs here do not request a document, but rather a set of datapoints as those datapoints exist within a particular system—EID. Thus, even if CBP integrated certain limited data into its own system, this factor "firmly weighs in favor of the agency" because Plaintiffs request data directly from within the EID. *Kayll*, 2024 WL 81231, at *7. The EID is its own data system accessible—but not owned

or operated— by CBP.  Howard Decl., ¶¶ 10, 14; Gibney Decl., ¶ 12; *Kayll*, 2024 WL 81231, at *7 ("The fact that CBP makes a brief mark in its own TECS system noting its decision and the existence of a corresponding explanation in the State Department system does not 'integrate' the document into CBP's systems.  Since CBP does not maintain even a copy of the record in its own files, the record is not so integrated into the agency's record system as to suggest control.") (citations omitted).

Thus, the totality of the circumstances establish that CBP does not control the EID or its data.  Notably, and contrary to any argument Plaintiffs may make, even if CBP transmits or utilizes some EID data, "it would be counterintuitive to say that an agency 'controls' a record simply because it uses the document."  *Kayll*, 2024 WL 81231, at *7 (citing *Bureau of Nat. Affairs, Inc. v. U.S. Dep't of Just.*, 742 F.2d 1484 (D.C. Cir. 1984)).

### III. The Plain Language Of Plaintiffs' FOIA Request Renders Any CBP Search Futile.

Plaintiffs only seek "the contents of the EID."  Katz Decl. Exh. **"C"**.  An agency is "bound to read [a request] as drafted, not as either agency officials or [the requester] might wish it was drafted."  *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984).  "[W]hen an agency reasonably determines, based on the nature of the request and the scope of the agency's operations, that it is unlikely to have responsive records and that a search is likely to be futile, it need not proceed with a search."  *Whitaker v. Dep't of Com.*, 970 F.3d 200, 207 (2d Cir. 2020) (cleaned up).  CBP does not possess or control the EID or its data.  Indeed, ICE acknowledges it owns and operates the EID.  Gibney Decl., ¶ 12; Fontaine Decl., ¶ 4.  ICE also acknowledges it maintains the EID data.  Gibney Decl., ¶ 12; Fontaine Decl., ¶ 4.  Therefore, CBP had no obligation under the FOIA to conduct a futile search for EID data because it neither possesses nor controls the EID or its data.

## CONCLUSION

For these reasons, United States Customs and Border Protection respectfully requests that this Court enter an Order granting summary judgment and, accordingly, dismissing this action as against United States Customs and Border Protection, along with such further relief as this Court deems fair, just, and equitable.

Dated: October 1, 2024                          CARLA B. FREEDMAN
                                                United States Attorney


                                   By:         /s/
                                                David M. Katz
                                                Assistant United States Attorney
                                                Bar Roll No. 700065