

**PUBLIC CITIZEN LITIGATION GROUP**
1600 20th Street NW • Washington DC 20009
202/588-1000 • www.citizen.org

August 1, 2024

**VIA EMAIL**
David M. Katz
Assistant United States Attorney
United States Attorney's Office
Northern District of New York
100 South Clinton Street
Syracuse, NY 13261
David.Katz@usdoj.gov

Re:   *Long et al. v. U.S. Immigration & Customs Enforcement et al.*
        No. 5:23-cv-01564 (N.D.N.Y.)

Dear Mr. Katz:

      We write on behalf of our clients Susan B. Long, David Burnham, and TRAC Reports, Inc. (collectively, Plaintiffs) regarding the above-captioned case. As you know, Plaintiffs filed this lawsuit against your clients U.S. Immigration and Customs Enforcement (ICE) and U.S. Customs and Border Protection (CBP) (together, the Agencies) on December 12, 2023, to challenge the Agencies' failure to provide records in response to two September 21, 2023, requests that Plaintiffs made under the Freedom of Information Act (FOIA). The FOIA requests sought a copy of each table and field of information in the Enforcement Integrated Database (EID) and each table and field of information in the ICE Integrated Decision Support Database (IIDS). The information that Plaintiffs sought included relational information or "linkage fields," *i.e.*, any field of information contained in the databases that is used to link tables together within each database. For linkage fields that were exempt from disclosure and so could lawfully be redacted, Plaintiffs asked that the Agencies provide a substitute method to preserve the function of associating related fields.

      On April 19, 2024, Plaintiffs made a settlement proposal to the Agencies. To date, the Agencies have neither accepted nor refused that proposal, nor have they offered a counterproposal. On June 20, 2024, Plaintiffs made three proposals to the Agencies for interim production while the Agencies continued to consider the April 19 settlement proposal. On July 22, 2024, the Agencies refused all three of Plaintiffs' interim proposals without offering counterproposals.

      In light of these developments, the parties anticipate that this case will proceed to cross-motions for summary judgment on Plaintiffs' FOIA claims. Plaintiffs continue to hold the view that their FOIA requests were proper and that the Agencies' failure to produce the records sought was unlawful. Nonetheless, in the interest of narrowing the issues before the court—and without prejudice to future FOIA requests or litigation—Plaintiffs write this letter to notify the Agencies that, for purposes of this lawsuit, they will limit the scope of their legal challenges as follows.

Page 2

Solely for purposes of narrowing the scope of the issues in this litigation, Plaintiffs will not pursue their challenge to the Agencies' failure to produce the contents of the IIDS. They will proceed only with their challenge to the Agencies' failure to produce the contents of the EID.

Furthermore—and again, solely for purposes of narrowing the scope of the issues in this litigation—Plaintiffs will not challenge the Agencies' failure to produce *each table and each field* of information contained in the EID. Rather, Plaintiffs will challenge only the Agencies' failure to produce three subsets of records from within the EID. Specifically, Plaintiffs will challenge the Agencies' failure to produce only those records that fall into one or more of these subsets:

(1) All datapoints (from any time) that are directly or indirectly linked to a person for whom the Agencies have established an official case seeking that person's removal from the country.
(2) All datapoints (from any time) that are directly or indirectly linked to a person who was apprehended pursuant to a CBP "encounter" in or after Fiscal Year 2020, with "encounter" used to mean the same thing that CBP uses it to mean in its Nationwide Encounters Dataset.
(3) All code files, lookup tables, or other records that translate the specific codes used in connection with the datapoints contained in paragraphs (1) and (2) above into their corresponding meaning.

Finally, within the subsets of EID records described in paragraphs (1) and (2) above—and again, solely for purposes of narrowing the scope of the issues in this litigation—Plaintiffs will not challenge the Agencies' *decision to redact* any free-format fields or, in other words, fields that contain potentially unique individualized content entered into each cell, as distinct from standardized-content fields that allow only standardized entries (such as dates, times, numbers, codes, or categories). That said, in the event that the Agencies do produce records that fall within the scope of Plaintiffs' narrowed challenge—whether pursuant to court order or voluntary settlement—and do choose to redact free-format fields within those records, Plaintiffs reserve the right to challenge the *format of those redactions*, including whether the format adequately preserves relational information.

We regret that the Agencies have as yet been unwilling to accept or make a counterproposal to our April settlement proposal or our three interim production proposals. But we hope that this notification of Plaintiffs' decision to voluntarily limit the scope of their challenges will enable you to focus your summary-judgment briefing on the narrow subset of issues that remain in this litigation. Please do not hesitate to be in contact if we can offer further clarification.

Sincerely,

Nicolas A. Sansone
Michael T. Kirkpatrick
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

*Counsel for Plaintiffs*