UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN B. LONG, DAVID BURNHAM, and TRAC REPORTS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION, and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | Civil Action No.:  5:23-cv-01564 (DNH/TWD) |

## DECLARATION OF PATRICK A. HOWARD

**Patrick A. Howard,** declares the following under the penalties of perjury:

1. I am a Branch Chief within the Freedom of Information Act Division ("FOIA Division") at U.S. Customs and Border Protection ("CBP"), U.S. Department of Homeland Security ("DHS"). I have been a Branch Chief in the FOIA Division since February 8, 2015. In this capacity, I oversee a staff of Government Information Specialists involved in the processing of requests for records submitted to CBP pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; the Privacy Act ("PA"), 5 U.S.C. § 552a; and other activities conducted pursuant to applicable records access provisions. I supervise and provide direction to a group of FOIA specialists in processing FOIA requests. At times, I have also directly reviewed FOIA requests and responses for adequacy and compliance with federal laws and regulations. I also assist with FOIA/PA litigation matters. The statements I make in this declaration are based on: (a) information acquired by me in the course of my official duties; (b) my personal knowledge of the

internal operations of this office and agency; and (c) information provided to me by other CBP employees in the course of my official duties. I make this declaration in support of CBP's Motion for Summary Judgment in the above-captioned action.

2. CBP is a component law enforcement agency within DHS. CBP has statutory responsibility to safeguard America's borders by protecting the borders of the United States against terrorists and instruments of terror, enforcing customs and immigration laws, and facilitating legitimate trade and travel, which fosters our Nation's economy. CBP employs more than 60,000 people charged with enforcing hundreds of Federal statutes, including approximately 45,000 armed law enforcement officers engaged in CBP's expansive border security mission to protect the borders of the United States and facilitate lawful international trade and travel.

3. CBP and U.S. Immigration and Customs Enforcement ("ICE") are separate agencies within DHS, with different statutory responsibilities. CBP is not responsible for monitoring individuals undergoing removal proceedings or the deportation of individuals ordered removed.

## PLAINTIFFS' FOIA REQUEST

4. I am familiar with the FOIA request submitted to CBP on September 21, 2023, by Plaintiffs Susan Long, David Burnham, and Transactional Records Access Clearinghouse ("TRAC"). I am also familiar with the letter Plaintiffs submitted on August 1, 2024, which I understand is the operative FOIA request for purposes of the instant motion.

5. Broadly, CBP's FOIA Division reviews FOIA requests, determines whether responsive records exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the FOIA Division consults with CBP personnel and, when appropriate, with other components in DHS, as well as other Executive Branch agencies.

6. The FOIA Division does not always have direct access to records that may be responsive to requests such as Plaintiffs' request. Rather, the FOIA Division must first review the content of the request itself and determine whether any CBP component may even possess responsive information.

7. Plaintiffs' FOIA request to CBP on September 21, 2023 requested "person-by-person data on each individual CBP has encountered from FY 2020" forward, including "all records and fields about or concerning each of these individuals currently contained in the Enforcement Integrated Database (EID)." On September 22, 2023, CBP acknowledged receipt of Plaintiffs' FOIA request and assigned it FOIA tracking number CBP-FO-2023-142324.

8. On August 1, 2024, Plaintiffs limited their FOIA request by letter to the United States Attorney's Office, Northern District of New York, to the following three subsets of records from within the EID:

    a. All datapoints (from any time) that are directly or indirectly linked to a person for whom the Agencies have established an official case seeking that person's removal from the country. ("Part 1").

    b. All datapoints (from any time) that are directly or indirectly linked to a person who was apprehended pursuant to a CBP "encounter" in or after Fiscal Year 2020, with "encounter" used to mean the same thing that CBP uses it to mean in its Nationwide Encounters Dataset. ("Part 2").

    c. All code files, lookup tables, or other records that translate the specific codes used in connection with the datapoints contained in paragraphs (1) and (2) above into their corresponding meaning. ("Part 3").

## CBP DOES NOT POSSESS RECORDS RESPONSIVE TO PLAINTIFFS' OPERATIVE FOIA REQUEST

9.  Plaintiffs seek data from the EID. The EID is a common database repository owned and operated by ICE. The EID is the repository for all records created, updated, and accessed by a number of software applications. The EID captures and maintains information related to the investigation, arrest, booking, detention, and removal of persons encountered during immigration and criminal law enforcement investigations and operations conducted by ICE and CBP, among others.

10. CBP is only a user of the EID, in that CBP collects and transmits certain CBP data to the EID through applications operated by CBP. This includes data collected during an encounter with a noncitizen subject to the immigration enforcement process consistent with CBP's statutory responsibility to prevent illegal entry of persons into the United States.

11. CBP is only granted limited access to certain EID data. CBP does not have access to the entire EID database.

12. Once CBP transmits data to the EID, other EID users—including users outside of CBP—may access or modify that data as that data appears within the EID. CBP is not notified when another EID user accesses or modifies data originally collected and transmitted to the EID by CBP.

13. For example, when CBP encounters a noncitizen, CBP may collect certain data about that noncitizen, such as the date of apprehension. That date of apprehension will then be transmitted to the EID through CBP's own applications. Once it has been transmitted to the EID, CBP can access the date of apprehension within the EID. But because CBP does not own or operate the EID, other EID users may modify that date of apprehension as it exists within the EID. As that noncitizen continues to move through the immigration enforcement process, other

data may or may not be generated relating to that noncitizen by other agencies, and transmitted to EID by other EID users. CBP may or may not have access to that additional data, or even know of its existence, as CBP's access to EID is circumscribed.

14. ICE retains EID records, which consist of all booking, detention and removal records in the EID. CBP is not responsible for the retention or preservation of EID data. CBP does not determine when data will be deleted from the EID, or how long such records will be retained.

15. CBP did not possess or control "[a]ll datapoints (from any time) that are directly or indirectly linked" to certain individuals from within the EID as requested by Plaintiffs in Part 1 or Part 2 of Plaintiffs' operative FOIA request.

16. Further, CBP did not create and does not control any EID "code files or look up tables" as requested in Part 3 of Plaintiffs' operative FOIA request.

17. Thus, CBP could not retrieve or produce records directly from within the EID that would be responsive to Plaintiffs' request for "[a]ll datapoints (from any time) that are directly or indirectly linked" to certain individuals moving through the immigration enforcement process, or EID code files or lookup tables. Moreover, CBP did not possess or obtain such records at the time of Plaintiffs' FOIA request.

I declare under penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

Executed this 27th day of September, 2024.

*Patrick Howard*
_____
Patrick Howard
Branch Chief
FOIA Division, Office of the Commissioner
U.S. Customs and Border Protection
U.S. Department of Homeland Security