"B"



Transactional Records Access Clearinghouse
Syracuse University

September 21, 2023

CBP FOIA,
90 K ST NE MS 1181,
Washington DC 20229

Dear FOIA Director:

Customs and Border Protection provides a Public Data Portal [see https://www.cbp.gov/document/stats/nationwide-encounters] where downloadable data sets are available. The Nationwide Encounters Dataset currently available for public download is updated monthly and contains aggregate counts of all CBP "encounters" from FY 2020 to date. However, the underlying case-by-case data is not posted, and the fields of information provided are limited. The national encounters dataset also does not include information on what ultimately happens to each individual although significant numbers are allowed to enter the U.S. In addition, we understand that the same individual may have been encountered previously and thus these counts can substantially overstate the actual number of unique individuals CBP encounters.

**Records Requested.** Under the provisions of the Freedom of Information Act we request person-by-person data on each individual CBP has encountered from FY 2020 up to the date of this letter or the time of search (whichever is later). By "encountered" we use the same definition for "encounters" currently used in the Nationwide Encounters Dataset. We ask that we be provided with a copy of all records and fields about or concerning each of these individuals currently contained in the Enforcement Integrated Database (EID). Coverage of our request includes all information whether relating to time periods before, during, or after each person's current encounter.

Many of the requested fields utilize some sort of abbreviation or code to record the information. Our request includes a current copy of any code files, lookup tables, or other records which translate each code into its corresponding meaning. We further request for each lookup table, or equivalent, records containing the specific location and identity or identities of the fields in the database where these codes are used.

Our request includes **relational information**—that is, any field of information contained in the database used to link tables together (i.e, "linkage fields"). Linkage fields are used by the agency to associate records related to the same individual, agency action, or series of events.

We understand that the content of certain linkage fields may be exempt from disclosure and the agency may redact such content before producing the responsive records. However, to the extent the agency redacts fields (including linkage fields) that are needed to identify records pertaining to the same individual, action, or event, we request that a substitute method be provided to preserve the function of associating related records.

As explained in *ACLU Immigrants' Rights Project v. ICE*, 58 F.4th 643, 647 (2nd Cir. 2023), FOIA requires such substitution to "preserve[] the computer *function* necessary to afford the public access to non-

exempt electronic records in the same manner that they are available to the agency." In that case, the court ordered ICE to substitute Unique IDs for exempt A-Numbers that ICE had redacted from the spreadsheets it produced. The court explained that although the A-numbers themselves were exempt from disclosure as personal identifying information, their use as a "key" or "code" to allow the linkage of events to particular individuals was not exempt. Such connections (or linkages) among events constitute relational information which is itself an existing agency record subject to FOIA. Thus, the agency must provide a substitute key or code to link existing datapoints if it withholds as exempt the content of the fields that the government uses to link information in the database.

There are several alternative methods by which CBP can provide substitute keys or codes to link information among the various tables in the database.

For example, originally and continuing for many years, a sister agency (ICE) in responding to our FOIA requests for database records supplied what it called variously "Random ids," "FOIA ID,s" "Unique ID,s" or similar labels so that we could link the data about the same individual and events together.  This occurred when the agency had redacted fields it used to identify information about the same individual. Provision of substitute keys or codes thereby preserved the computer function required for public access in the same manner available to the agency.

Sort order has also sometimes been used by CBP and its sister agency to allow us to identify records pertaining to the same individual.  For example, if CBP releases the requested data sorted by linkage fields so that all records pertaining to a given individual, action and event are adjacent to one another in a regular pattern, the agency could then redact the actual entries in the linkage fields and just provide the records containing nonexempt information so long as the sort order itself preserves the computer function required for public access in the same manner available to the government.  In this circumstance, no pseudo ids would be required where records related to the same individual, including enforcement actions and proceedings they experience, can be linked to the correct individual as the relevant records will be adjacent to each other in the file that we receive.

**Format requested**.  We ask that the data be output table by table, and use a csv, tab-delimited, or similar file format that retains the structure of the underlying data and can therefore readily be read back into a database. Because a pdf format strips the structure of the underlying data from the file, a pdf format does not meet our requirements.

This request is being submitted by Susan B. Long and David Burnham and by TRAC Reports, Inc.  TRAC Reports, Inc. is a 501(c)(3) organization which was formed to make available data and analyses regarding government performance.  Long is a professor and Burnham is a retired professor at Syracuse University, Co-Directors of TRAC, and currently serve as Co-Directors of TRAC Reports, Inc.

**Fee waiver and educational/media requester classification.**  We request that we be classified as educational and media requesters and request a full waiver of fees. As to the basis for our classification and fee waiver requests, we reference the decision of the U.S. District Court in Long v. Dep't of Homeland Sec., 113 F. Supp. 3d 100 (D.D.C. 2015).  We further hereby confirm that we continue to engage in the activities the court relied upon in that decision, and the information we are requesting is consistent with our scholarly and journalistic interests.

Should the agency wish us to assist in any way, we would be delighted to work cooperatively with the agency in processing this request.  Thank you very much.

*Susan B. Long*    *David Burnham*

Professor Susan B. Long and Professor David Burnham (retired) | Syracuse University
Co-Directors, Transactional Records Access Clearinghouse (TRAC)
Room 210 Peck Hall
601 E. Genesee Street
Syracuse University
Syracuse, New York 13202-3117
https://trac.syr.edu