UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN B. LONG and<br>TRAC REPORTS, INC.,<br><br>            Plaintiffs,<br><br>   v.<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT and<br>U.S. CUSTOMS AND BORDER<br>PROTECTION,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 5:23-cv-1564 (DNH/TWD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF NICOLAS A. SANSONE**

I, Nicolas A. Sansone, declare the following under penalties of perjury:

1. I am an attorney at Public Citizen Litigation Group. I represent Plaintiffs Susan B. Long and TRAC Reports, Inc., in this Freedom of Information Act (FOIA) case against Defendant U.S. Customs and Border Protection (CBP). I make this declaration in support of Plaintiffs' opposition to CBP's motion for summary judgment and Plaintiffs' cross-motion for summary judgment.

2. Plaintiffs submitted a FOIA request to CBP through the agency's online portal on September 21, 2023. A true and correct copy of this request is docketed in this case at Docket Number 39-4.

3. On September 22, 2023, CBP's FOIA office sent an email acknowledging receipt of the FOIA request. A true and correct copy of this email is attached as Exhibit A.

4. By December 12, 2023, CBP had not otherwise responded to Plaintiffs' FOIA request. Plaintiffs filed the complaint in this action on that day, asking this Court to declare CBP's

1

withholding of the requested records unlawful and to order CBP to make the requested records available to Plaintiffs at no charge and without delay. Plaintiffs served CBP with the complaint on December 18, 2023, and CBP's answer was due on January 17, 2024.

5. On January 11, 2024, CBP requested a 46-day extension of time to answer the complaint, representing that it required additional time to "analyze and evaluate" Plaintiffs' FOIA request. This Court granted CBP's request, and CBP filed an answer to the complaint on February 27, 2024.

6. Counsel for the parties then met and conferred on February 29, 2024, pursuant to Federal Rule of Civil Procedure 26(f). At that conference, counsel agreed that, due to the nature of FOIA litigation, it would be appropriate to defer the issue of discovery until after a dispositive motion had been filed in the case. Counsel further agreed to explore the possibility of settlement and, if settlement could not be reached, to propose to the Court a briefing schedule for dispositive motions.

7. On April 19, 2024, Plaintiffs served a written settlement proposal on CBP through undersigned counsel. The proposal limited the volume of the requested records, invited feedback about ways that the proposal could be better tailored to suit CBP's needs, and expressed openness to further refining the proposal in light of any such feedback.

8. CBP responded through counsel on June 7, 2024, to indicate that it was analyzing Plaintiffs' proposal but was unprepared at that time to accept the proposal, reject the proposal, or offer a counterproposal.

9. Counsel for the parties attended an in-person status conference before Magistrate Judge Dancks on June 17, 2024. At the conference, counsel for CBP indicated that CBP was not able to provide an estimate of when it would be able to respond to Plaintiffs' April 19, 2024,

settlement proposal. In the interest of ensuring that progress be made in the meantime, I suggested that Plaintiffs could propose limited interim productions that CBP could make as a sign of good faith and commitment to settlement while it continued considering Plaintiffs' April 19 proposal.

10. On June 20, 2024, Plaintiffs served an interim settlement proposal on CBP through undersigned counsel. The proposal contained three alternative possibilities for limited interim production and expressed openness to counterproposals for interim production.

11. CBP rejected all three interim proposals on July 22, 2024, and did not offer counterproposals. Counsel for the parties agreed in a July 26, 2024, meet-and-confer that the settlement talks had reached an impasse and that the case should proceed to dispositive motions. During this meet-and-confer, I represented that Plaintiffs were open to further narrowing the scope of their legal challenges in this litigation. I also represented that I anticipated that discovery would likely be necessary once CBP had come forward with its claimed justification for refusing to produce the requested records.

12. On August 1, 2024, Plaintiffs sent a letter to CBP stating that, in order to narrow the issues before the Court, Plaintiffs would focus their legal challenge solely on CBP's failure to produce a specified subset of the records originally requested. CBP has accepted that Plaintiffs' August 1, 2024, letter is the operative FOIA request for all present purposes. A true and correct copy of this letter is docketed in this case at Docket Number 39-5.

13. CBP moved for summary judgment on October 1, 2024. Accompanying CBP's motion was a declaration from a Branch Chief in CBP's FOIA division. The declaration included numerous factual representations in support of CBP's legal arguments. At no point had CBP

previously presented Plaintiffs with its claimed factual and legal justification for refusing to produce any records in response to Plaintiffs' FOIA request.

14. Upon reviewing CBP's motion and accompanying declaration, Plaintiffs concluded that CBP's prior actions and representations called into question the accuracy of some of the factual representations made in the declaration.

15. Following an October 7, 2024, meet-and-confer between counsel for the parties, Plaintiffs filed a letter motion on October 9, 2024, requesting that this Court suspend summary judgment briefing while Plaintiffs sought discovery to probe the factual representations made in support of CBP's summary judgment motion. Magistrate Judge Dancks held a telephonic conference on October 16, 2024, in which she denied Plaintiffs' request to suspend the summary judgment briefing schedule but granted Plaintiffs leave to serve discovery demands on CBP.

16. Plaintiffs served a First Set of Requests for Production, a First Set of Interrogatories, and a First Set of Requests for Admission on CBP through undersigned counsel on October 31, 2024. The discovery demands seek information that Plaintiffs expect will enable them to demonstrate that many of the factual representations CBP has made in support of its motion for summary judgment are inaccurate or misleading.

17. I have attached as Exhibit B a true and correct copy of Plaintiffs' First Set of Requests for Production.

18. I have attached as Exhibit C a true and correct copy of Plaintiffs' First Set of Interrogatories.

19. I have attached as Exhibit D a true and correct copy of Plaintiffs' First Set of Requests for Admission.

20. CBP has not yet responded to Plaintiffs' discovery demands. Its deadline for doing so is December 2, 2024.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 8, 2024                                           Respectfully submitted,

/s/ Nicolas A. Sansone
Nicolas A. Sansone