# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN B. LONG and <br> TRAC REPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT and <br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 5:23-cv-1564 (DNH/TWD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT U.S. CUSTOMS AND BORDER PROTECTION**

Plaintiffs Susan B. Long and TRAC Reports, Inc., through undersigned counsel, submit this first set of interrogatories to Defendant U.S. Customs and Border Protection (CBP) pursuant to Federal Rule of Civil Procedure 33 and the Court's October 17, 2024, order (Dkt. 45). Plaintiffs request that CBP answer each and every one of the following interrogatories in writing and under oath within 30 days from the service date of this request. Plaintiffs request that CBP serve all answers by email to undersigned counsel at nsansone@citizen.org.

**DEFINITIONS**

"CBP" refers to Defendant U.S. Customs and Border Protection and, where applicable, its officers, directors, employees, and all other persons or entities acting on its behalf.

"DHS" refers to the U.S. Department of Homeland Security.

"EID" refers to the Enforcement Integrated Database.

"Encounter" shall be used to mean the same thing that CBP uses it to mean in its *Nationwide Encounters* dataset.

"FOIA" refers to the Freedom of Information Act.

"ICE" refers to Defendant U.S. Immigration and Customs Enforcement and, where applicable, its officers, directors, employees, and all other persons or entities acting on its behalf.

"You" or "your" refers to CBP, as that term is defined above.

## INSTRUCTIONS

CBP shall answer each interrogatory separately and fully, unless it is objected to, in which case the reasons for the objection should be specifically and separately stated. Answers to these interrogatories should set forth each question before each answer. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory.

In answering each interrogatory, identify all documents on which you will or may rely in support of your answer. When identifying a document, provide the document's date, description, author, and present location, along with the name of the person or entity that currently has possession, custody, or control of the document.

In answering each interrogatory, furnish all information available to you that is relevant or might lead to discovery of relevant information. If you are not able to fully answer these interrogatories after conducting a dutiful and reasonable investigation to secure the requested information, state why you are unable to do so as fully as possible. Specify the reasons for your inability to answer, and state whatever knowledge you have concerning the unanswered portions.

Unless otherwise stated, the time period covered by the interrogatories is October 31, 2019, and thereafter.

These interrogatories are continuing in nature. If, after answering these interrogatories, you learn of any responsive information, you should serve supplemental answers or additional information as may be required to fully answer these interrogatories.

## INTERROGATORIES

1. State the name, position, and contact information of each person who prepared or assisted in preparing your responses to these interrogatories, Plaintiffs' First Set of Requests for Production, and Plaintiffs' First Set of Requests for Admission.

ANSWER:

2. Describe the extent to which CBP personnel who have entered information into the EID are capable of editing that information after it has been submitted.

ANSWER:

3. Describe the extent to which CBP personnel can use existing queries or interfaces to access information that CBP has previously entered into the EID.

ANSWER:

4. Identify each and every instance in which CBP has produced records from the EID in response to a FOIA request, including instances in which the FOIA request was referred to CBP by DHS or a DHS component.

ANSWER:

5. Identify each and every instance in which CBP has declined to produce records from the EID in response to a FOIA request on the grounds that the EID is owned and operated by ICE, not CBP.

ANSWER:

6. Identify each and every instance in which CBP has requested permission from ICE in order to access, modify, or publish information contained in the EID.

ANSWER:

7. Explain the process by which CBP produces the *Nationwide Encounters* dataset that it releases to the public.

ANSWER:

8. Identify any documents, lists, or other sources of information that are within CBP's possession that could enable an EID user to determine whether an individual to which a given EID record refers was apprehended pursuant to a CBP encounter in or after Fiscal Year 2020.

ANSWER:

9. State whether CBP can query the EID in a way that will return records that all relate to a specific CBP encounter.

ANSWER:

10. If CBP can query the EID in a way that will return records that all relate to a specific CBP encounter, describe the process for conducting the query and the nature of the results that the query will return.

ANSWER:

11. If you contend that CBP cannot query the EID in a way that will return records that all relate to a specific CBP encounter, describe the steps that CBP would need to take to determine whether a record in the EID is related to a specific CBP encounter.

ANSWER:

12. State whether CBP can query the EID in a way that will return records that all relate to a specific person who has been apprehended pursuant to a CBP encounter.

ANSWER:

13. If CBP can query the EID in a way that will return records that all relate to a specific person who has been apprehended pursuant to a CBP encounter, describe the process for conducting the query and the nature of the results that the query will return.

ANSWER:

14. If you contend that CBP cannot query the EID in a way that will return records that all relate to a specific person who has been apprehended pursuant to a CBP encounter, describe the steps that CBP would need to take to determine whether a record in the EID is related to a specific person who has been apprehended pursuant to a CBP encounter.

ANSWER:

Dated: October 31, 2024

Respectfully submitted,

/s/ Nicolas A. Sansone
Nicolas A. Sansone (admitted pro hac vice)
Michael T. Kirkpatrick (admitted pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7714
nsansone@citizen.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I certify that on October 31, 2024, a copy of Plaintiffs' First Set of Interrogatories to Defendant U.S. Customs and Border Protection was served via email on:

David M. Katz
Assistant United States Attorney
100 South Clinton Street
Syracuse, NY 13202
(315) 448-0962
DKatz@usa.doj.gov

*Counsel for Defendant U.S. Customs and Border Protection*

                                              /s/ Nicolas A. Sansone
                                              Nicolas A. Sansone