# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN B. LONG and <br> TRAC REPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT and <br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendants. | No. 5:23-cv-1564 (DNH/TWD) |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
TO DEFENDANT U.S. CUSTOMS AND BORDER PROTECTION**

Plaintiffs Susan B. Long and TRAC Reports, Inc., through undersigned counsel, submit this first set of requests for admission to Defendant U.S. Customs and Border Protection (CBP) pursuant to Federal Rule of Civil Procedure 36 and the Court's October 17, 2024, order (Dkt. 45). Plaintiffs request that CBP respond to the following requests for admission within 30 days from the service date of this request. Plaintiffs request that CBP serve all responses by email to undersigned counsel at nsansone@citizen.org.

**DEFINITIONS**

"CBP" refers to Defendant U.S. Customs and Border Protection and, where applicable, its officers, directors, employees, and all other persons or entities acting on its behalf.

"DHS" refers to the U.S. Department of Homeland Security.

"EID" refers to the Enforcement Integrated Database.

"Encounter" shall be used to mean the same thing that CBP uses it to mean in its *Nationwide Encounters* dataset.

"FOIA" refers to the Freedom of Information Act.

"ICE" refers to Defendant U.S. Immigration and Customs Enforcement and, where applicable, its officers, directors, employees, and all other persons or entities acting on its behalf.

## INSTRUCTIONS

If CBP fails to respond or object to any request for admission within 30 days of service of the requests, the matter at issue in the request shall be deemed admitted under Rule 36(a)(3).

Restate each request for admission in the written response, followed immediately by a response to each request for admission.

The answer to each request for admission shall specifically admit or deny the matter at issue or set forth in detail the reasons why CBP cannot truthfully admit or deny the matter.

If, in good faith, CBP can admit only part of the matter at issue in a particular request, CBP shall admit so much of the request as is true and qualify or deny the remainder.

If CBP cannot respond to any request for admission in full, it shall answer to the extent possible and specify the reasons for its inability to respond fully. If CBP objects to any part of a request for admission, it shall answer all parts of the request for admission to which it does not object and, as to each part to which it objects, separately set forth the specific basis for the objection.

If CBP lacks sufficient information to respond to a request, CBP must describe all efforts made to obtain the facts and information necessary to answer.

These requests for admission are deemed ongoing, and supplemental answers must be supplied if CBP obtains further information after the initial response has been provided.

## REQUESTS FOR ADMISSION

1. Admit that CBP regularly publishes *Nationwide Encounter* datasets based on data that it draws out of the EID.

2. Admit that CBP does not seek authorization from ICE to compile and publish its *Nationwide Encounter* datasets.

3. Admit that CBP can edit records that are stored within the EID after they are entered.

4. Admit that CBP has produced records from the EID in response to FOIA requests within the past 5 years.

5. Admit that DHS, or components of DHS, have within the past 5 years referred FOIA requests seeking data from the EID to CBP as the agency most likely to hold responsive records.

6. Admit that CBP maintains a document, list, or file, or set of documents, lists, or files that track CBP encounters that took place in or after Fiscal Year 2020.

7. Admit that CBP encounters are assigned unique identifiers.

8. Admit that the individuals who are apprehended pursuant to CBP encounters are assigned unique identifiers.

9. Admit that some or all of the documents, lists, or files in which CBP tracks CBP encounters that took place in or after Fiscal Year 2020 associate the encounters with the encounters' unique identifiers.

10. Admit that some or all of the documents, lists, or files in which CBP tracks CBP encounters that took place in or after Fiscal Year 2020 associate the individuals apprehended pursuant to the encounters with the individuals' unique identifiers.

11. Admit that some or all of the records in the EID that are related to CBP encounters contain the encounters' unique identifiers.

12. Admit that some or all of the records in the EID that are related to individuals apprehended pursuant to CBP encounters contain the individuals' unique identifiers

13. Admit that CBP is capable of querying the EID in such a way that the EID will return records that all relate to a particular CBP encounter.

14. Admit that CBP is capable of querying the EID in such a way that EID will return records that all relate to a particular individual who has been apprehended pursuant to a CBP encounter.

Dated: October 31, 2024                Respectfully submitted,

/s/ Nicolas A. Sansone
Nicolas A. Sansone (admitted pro hac vice)
Michael T. Kirkpatrick (admitted pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7714
nsansone@citizen.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on October 31, 2024, a copy of Plaintiffs' First Set of Requests for Admission to Defendant U.S. Customs and Border Protection was served via email on:

David M. Katz
Assistant United States Attorney
100 South Clinton Street
Syracuse, NY 13202
(315) 448-0962
DKatz@usa.doj.gov

*Counsel for Defendant U.S. Customs and Border Protection*

/s/ Nicolas A. Sansone
Nicolas A. Sansone

5