UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN B. LONG and <br> TRAC REPORTS, INC., <br> <br> Plaintiffs, <br> <br> v. <br> <br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT and <br> U.S. CUSTOMS AND BORDER PROTECTION, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 5:23-cv-1564 (DNH/TWD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF NICOLAS A. SANSONE**

I, Nicolas A. Sansone, declare the following under penalties of perjury:

1. I am an attorney at Public Citizen Litigation Group. I represent Plaintiffs Susan B. Long and TRAC Reports, Inc., in this Freedom of Information Act (FOIA) case against Defendant U.S. Immigration and Customs Enforcement (ICE). I make this declaration in support of Plaintiffs' opposition to ICE's motion for summary judgment and Plaintiffs' cross-motion for partial summary judgment.

2. Plaintiffs submitted a FOIA request to ICE through the agency's online portal on September 21, 2023. A true and correct copy of this request is docketed in this case at Docket Number 40-5.

3. On September 27, 2023, ICE's FOIA office sent an email acknowledging receipt of the FOIA request. A true and correct copy of this email is attached as Exhibit A.

4. By December 12, 2023, ICE had not otherwise responded to Plaintiffs' FOIA request. Plaintiffs filed the complaint in this action on that day, asking this Court to declare ICE's

1

withholding of the requested records unlawful and to order ICE to make the requested records available to Plaintiffs at no charge and without delay. Plaintiffs served ICE with the complaint on December 18, 2023, and ICE's answer was due on January 17, 2024.

5. On January 11, 2024, ICE requested a 46-day extension of time to answer the complaint, representing that it required additional time to "analyze and evaluate" Plaintiffs' FOIA request. This Court granted ICE's request, and ICE filed an answer to the complaint on February 27, 2024.

6. Counsel for the parties then met and conferred on February 29, 2024, pursuant to Federal Rule of Civil Procedure 26(f). At that conference, counsel agreed that, due to the nature of FOIA litigation, it would be appropriate to defer the issue of discovery until after a dispositive motion had been filed in the case. Counsel further agreed to explore the possibility of settlement and, if settlement could not be reached, to propose to the Court a briefing schedule for dispositive motions.

7. On April 19, 2024, Plaintiffs served a written settlement proposal on ICE through undersigned counsel. The proposal limited the volume of the requested records, invited feedback about ways that the proposal could be better tailored to suit ICE's needs, and expressed openness to further refining the proposal in light of any such feedback.

8. ICE responded through counsel on June 7, 2024, to indicate that it was analyzing Plaintiffs' proposal but was unprepared at that time to accept the proposal, reject the proposal, or offer a counterproposal.

9. Counsel for the parties attended an in-person status conference before Magistrate Judge Dancks on June 17, 2024. At the conference, counsel for ICE indicated that ICE was not able to provide an estimate of when it would be able to respond to Plaintiffs' April 19, 2024,

settlement proposal. In the interest of ensuring that progress be made in the meantime, I suggested that Plaintiffs could propose limited interim productions that ICE could make as a sign of good faith and commitment to settlement while it continued considering Plaintiffs' April 19 proposal.

10. On June 20, 2024, Plaintiffs served an interim settlement proposal on ICE through undersigned counsel. The proposal contained three alternative possibilities for limited interim production and expressed openness to counterproposals for interim production.

11. ICE rejected all three interim proposals on July 22, 2024, and did not offer counterproposals. Counsel for the parties agreed in a July 26, 2024, meet-and-confer that the settlement talks had reached an impasse and that the case should proceed to dispositive motions. During this meet-and-confer, I represented that Plaintiffs were open to further narrowing the scope of their legal challenges in this litigation. I also represented that I anticipated that discovery would likely be necessary once ICE had come forward with its claimed justification for refusing to produce the requested records.

12. On August 1, 2024, Plaintiffs sent a letter to ICE stating that, in order to narrow the issues before the Court, Plaintiffs would focus their legal challenge solely on ICE's failure to produce a specified subset of the records originally requested. ICE has accepted that Plaintiffs' August 1, 2024, letter is the operative FOIA request for all present purposes. A true and correct copy of this request is docketed in this case at Docket Number 40-7.

13. ICE moved for summary judgment on October 1, 2024. Accompanying ICE's motion were three declarations from agency personnel that included numerous factual representations in support of ICE's legal arguments. At no point had ICE previously presented Plaintiffs with its

claimed factual and legal justification for refusing to produce any records in response to Plaintiffs' FOIA request.

14. Upon reviewing ICE's motion and accompanying declarations, Plaintiffs concluded that ICE's prior actions and representations called into question the accuracy of some of the factual representations made in the declarations. Among other things, portions of the declarations appeared to be inconsistent with certain statements made by ICE personnel at evidentiary hearings and in declarations in prior cases.

15. I have attached as Exhibit B excerpts from a true and correct transcript of an evidentiary hearing held on May 27, 2021, in *Long v. ICE*, No. 1:17-cv-01097 (D.D.C.).

16. I have attached as Exhibit C excerpts from a true and correct transcript of an evidentiary hearing held on August 15, 2019, in *Long v. ICE*, No. 5:17-cv-00506 (N.D.N.Y.).

17. I have attached as Exhibit D excerpts from a true and correct transcript of an evidentiary hearing held on May 8, 2018, in *Long v. ICE*, No. 1:14-cv-00109 (D.D.C.).

18. I have attached as Exhibit E excerpts from a true and correct copy of the Declaration of Jeff Wilson, *Long v. ICE*, No. 1:14-cv-00109 (D.D.C.), Dkt. 17-6 (filed Oct. 9, 2014).

19. I have attached as Exhibit F excerpts from a true and correct copy of the Declaration of Marla Jones, *Long v. ICE*, No. 1:17-cv-01097 (D.D.C.), Dkt. 11-2 (filed Nov. 3, 2017).

20. I have attached as Exhibit G excerpts from a true and correct copy of the Supplemental Declaration of Jeff Wilson, *Long v. ICE*, No. 1:14-cv-00109 (D.D.C.), Dkt. 25-1 (filed Jan. 28, 2015).

21. Following an October 7, 2024, meet-and-confer between counsel for the parties, Plaintiffs filed a letter motion on October 9, 2024, requesting that this Court suspend summary judgment briefing while Plaintiffs sought discovery to probe the factual representations made in

support of ICE's summary judgment motion. Magistrate Judge Dancks held a telephonic conference on October 16, 2024, in which she denied Plaintiffs' request to suspend the summary judgment briefing schedule but granted Plaintiffs leave to serve discovery demands on ICE.

22. Plaintiffs served a First Set of Requests for Production, a First Set of Interrogatories, and a First Set of Requests for Admission on ICE through undersigned counsel on October 31, 2024. The discovery demands seek information that Plaintiffs expect will enable them to demonstrate that many of the factual representations ICE has made in support of its motion for summary judgment are inaccurate or misleading.

23. I have attached as Exhibit H a true and correct copy of Plaintiffs' First Set of Requests for Production.

24. I have attached as Exhibit I a true and correct copy of Plaintiffs' First Set of Interrogatories.

25. I have attached as Exhibit J a true and correct copy of Plaintiffs' First Set of Requests for Admission.

26. ICE has not yet responded to Plaintiffs' discovery demands. Its deadline for doing so is December 2, 2024.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 8, 2024                               Respectfully submitted,

                                                      /s/ Nicolas A. Sansone
                                                      Nicolas A. Sansone