# EXHIBIT H

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN B. LONG and <br> TRAC REPORTS, INC., <br> <br> Plaintiffs, <br> <br> v. <br> <br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT and <br> U.S. CUSTOMS AND BORDER PROTECTION, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 5:23-cv-1564 (DNH/TWD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
TO DEFENDANT U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**

Plaintiffs Susan B. Long and TRAC Reports, Inc., through undersigned counsel, submit this first set of document requests to Defendant U.S. Immigration and Customs Enforcement (ICE) pursuant to Federal Rule of Civil Procedure 34 and the Court's October 17, 2024, order (Dkt. 45). Plaintiffs request that ICE produce the requested documents by email to undersigned counsel at nsansone@citizen.org or by another electronic document-sharing method agreed upon by the parties within 30 days from the service date of this request. If ICE is unable to serve responses electronically, it may alternatively deliver them to the office of Public Citizen Litigation Group, 1600 20th Street NW, Washington, DC 20009.

**DEFINITIONS**

"And" and "or" are to be construed both conjunctively and disjunctively, to give each request its broadest possible meaning.

"Any" and "all" shall include "each" and "every" and are not to be construed to limit a request for production.

"CBP" refers to Defendant U.S. Customs and Border Protection and, where applicable, its officers, directors, employees, and all other persons or entities acting on its behalf.

"Document" or "documents" refers to any written material, whether in a tangible medium or electronically stored, that is in ICE's possession or control or that is otherwise accessible by ICE. "Document" or "documents" shall be construed to encompass any and all materials that fall within the scope of Federal Rule of Civil Procedure 34(a)(1).

"Each" refers to "each and every."

"EID" refers to the Enforcement Integrated Database.

"FOIA" refers to the Freedom of Information Act.

"ICE" refers to Defendant U.S. Immigration and Customs Enforcement and, where applicable, its officers, directors, employees, and all other persons or entities acting on its behalf.

"IIDS" refers to the ICE Integrated Decision Support database.

"Including" shall mean "including, but not limited to," and is not to be construed to limit a request for production.

## INSTRUCTIONS

These requests for production apply to all documents in ICE's possession, custody, or control, as well as any documents held by a person or entity in ICE's control, agency, or employ.

Unless otherwise specified, all requests for production refer to documents created or transmitted since October 31, 2019.

The request to which each document is responsive shall be specifically identified.

If ICE encounters any ambiguities when construing a request or definition, ICE's response shall set forth the matter deemed ambiguous and explain how the ambiguity was interpreted in responding to the request.

If ICE declines to produce any requested document, ICE shall provide a descriptive list of each such document and state the grounds for refusing to produce the document.

If ICE declines to produce any portion of any requested document, ICE shall specify the reason for its refusal and shall provide the remaining portions of the document.

When ICE has redacted or altered a document in any way, ICE shall identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person who performed the redaction or alteration. Any redaction or alteration must be clearly visible on the document.

These requests are continuing in nature. In the event that ICE becomes aware of or acquires possession of further responsive documents after initially responding to these requests, ICE shall promptly produce such documents.

## REQUESTS FOR PRODUCTION

1. Any and all documents that identify any outside contractors currently responsible for managing the EID.

2. Any and all documents that describe or reflect the current number of tables contained in the EID, the current number of fields within each table, and the current number of tables that are data tables as opposed to code tables.

3. Any and all documents that describe or reflect the current number of records and fields contained in the EID's "CSE" table.

4. Any and all documents that describe or reflect the number of tables to which the EID's "CSE" table is directly linked.

5. Any and all documents that describe or reflect the number of tables to which the EID's "CSE" table is indirectly linked

6. Any and all documents that explain or describe methods by which ICE can export or create exact copies of EID tables, or portions of EID tables, as separate files.

7. Any and all documents that indicate the number of FOIA requests for which ICE has produced responsive records from the EID or IIDS, the nature and contents of those records, and/or the size of those records.

8. Any and all documents that indicate the number of court-ordered productions that ICE has made from the EID or IIDS, the nature and contents of the records produced, and/or the size of those records.

9. Any and all documents that describe or reflect the nature, contents, and/or size of any voluntary public productions ICE has made of data drawn from the EID or IIDS.

10. Any and all documents that describe or reflect the date and nature of any voluntary public productions ICE has made of the EID's data dictionaries.

11. Any and all documents that explain or describe methods by which ICE can query the EID by case ID, alien number, subject ID, EID person ID, EID civilian ID, or CBP encounter in order to view records that are all related to that case ID, alien number, subject ID, EID person ID, EID civilian ID, or CBP encounter.

12. Any and all documents that explain or describe computer applications, platforms, or interfaces that enable ICE to view EID records in a format that is organized by case ID, alien number, subject ID, EID person ID, EID civilian ID, or CBP encounter.

13. Any and all documents that describe or reflect any instances in which ICE has made voluntary, FOIA, or court-ordered releases of case-by-case EID or IIDS records, including any and all documents that identify the data fields that were included in the released records.

14. Any and all documents that describe or reflect ICE's ability to request or access any or all of the CBP "reporting methodologies" that are referenced in paragraph 42 of Timothy Gibney's declaration (Dkt. 40-3).

15. Any and all documents that describe or reflect methods other than the SecureRelease Portal that ICE uses or has used to deliver records in response to FOIA requests.

16. Any and all training, guidance, or other documents that currently guide ICE personnel on the need to reduce the risk of "re-identification," as that term is used in paragraph 4 of Heather Lynch's declaration (Dkt. 40-8), when releasing information to the public.

17. Any and all training, guidance, or other documents that currently guide ICE personnel on the circumstances under which an enforcement target's identity may permissibly be disclosed.

18. Any and all documents that describe or reflect the number of EID data tables and/or data fields that contain "sensitive personal information," as that term is defined in paragraph 7 of Heather Lynch's declaration (Dkt. 40-8).

19. Any and all documents that describe or reflect the number of EID data tables and/or data fields that describe law-enforcement techniques or procedures.

20. Any and all documents that describe or explain the steps that ICE has taken or regularly takes to reduce the risk of re-identification prior to making voluntary, FOIA, or court-ordered releases of EID or IIDS data.

21. Any and all documents that instruct ICE personnel on how and/or whether to make field-by-field redactions to productions of EID data.

22. Any and all documents that describe or reflect any instances in which ICE has made voluntary, FOIA, or court-ordered releases of EID code look-up tables or "data type descriptions," as that term is used in paragraph 38 of Nate Fontaine's declaration (Dkt. 40-2).

23. Any and all documents that describe or reflect any instances in which ICE has made voluntary, FOIA, or court-ordered releases of EID "primary" and/or "foreign" keys, as those terms are defined in paragraph 33 of Nate Fontaine's declaration (Dkt. 40-2).

24. Any and all documents that describe or reflect any instances in which ICE has made voluntary, FOIA, or court-ordered releases of materials that describe or reflect the structure of the EID and/or the interconnections among its tables.

25. Any and all documents not already produced that are discussed, described, or otherwise referenced in ICE's responses to Plaintiffs' First Set of Interrogatories and Plaintiffs' First Set of Requests for Admission.

Dated: October 31, 2024	Respectfully submitted,

<u>/s/ Nicolas A. Sansone</u>
Nicolas A. Sansone (admitted pro hac vice)
Michael T. Kirkpatrick (admitted pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7714
nsansone@citizen.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on October 31, 2024, a copy of Plaintiffs' First Set of Requests for Production to Defendant U.S. Immigration and Customs Enforcement was served via email on:

David M. Katz
Assistant United States Attorney
100 South Clinton Street
Syracuse, NY 13202
(315) 448-0962
DKatz@usa.doj.gov

*Counsel for Defendant U.S. Immigration and Customs Enforcement*

/s/ Nicolas A. Sansone
Nicolas A. Sansone
