# EXHIBIT I

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN B. LONG and <br> TRAC REPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT and <br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 5:23-cv-1564 (DNH/TWD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**

Plaintiffs Susan B. Long and TRAC Reports, Inc., through undersigned counsel, submit this first set of interrogatories to Defendant U.S. Immigration and Customs Enforcement (ICE) pursuant to Federal Rule of Civil Procedure 33 and the Court's October 17, 2024, order (Dkt. 45). Plaintiffs request that ICE answer each and every one of the following interrogatories in writing and under oath within 30 days from the service date of this request. Plaintiffs request that ICE serve all answers by email to undersigned counsel at nsansone@citizen.org.

**DEFINITIONS**

"CBP" refers to Defendant U.S. Customs and Border Protection and, where applicable, its officers, directors, employees, and all other persons or entities acting on its behalf.

"EID" refers to the Enforcement Integrated Database.

"Encounter" shall be used to mean the same thing that CBP uses it to mean in its *Nationwide Encounters* dataset.

"FOIA" refers to the Freedom of Information Act.

"ICE" refers to Defendant U.S. Immigration and Customs Enforcement and, where applicable, its officers, directors, employees, and all other persons or entities acting on its behalf.

"IIDS" refers to the ICE Integrated Decision Support database.

"You" or "your" refers to ICE, as that term is defined above.

## INSTRUCTIONS

ICE shall answer each interrogatory separately and fully, unless it is objected to, in which case the reasons for the objection should be specifically and separately stated. Answers to these interrogatories should set forth each question before each answer. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory.

In answering each interrogatory, identify all documents on which you will or may rely in support of your answer. When identifying a document, provide the document's date, description, author, and present location, along with the name of the person or entity that currently has possession, custody, or control of the document.

In answering each interrogatory, furnish all information available to you that is relevant or that might lead to discovery of relevant information. If you are not able to fully answer these interrogatories after conducting a dutiful and reasonable investigation to secure the requested information, state why you are unable to do so as fully as possible. Specify the reasons for your inability to answer, and state whatever knowledge you have concerning the unanswered portions.

Unless otherwise stated, the time period covered by the interrogatories is October 31, 2019, and thereafter.

These interrogatories are continuing in nature. If, after answering these interrogatories, you learn of any responsive information, you should serve supplemental answers or additional information as may be required to fully answer these interrogatories.

## INTERROGATORIES

1. State the name, position, and contact information of each person who prepared or assisted in preparing your responses to these interrogatories, Plaintiffs' First Set of Requests for Production, and Plaintiffs' First Set of Requests for Admission.

ANSWER:

2. Describe the steps that would be involved in producing or extracting an exact copy, without modification, of an EID table.

ANSWER:

3. Provide an estimate of the number of employee hours that would be required to produce or extract an exact copy, without modification, of the contents of the EID's "CSE" table, and state the basis for this estimate.

ANSWER:

4. State the number of EID tables that are directly linked to the EID's "CSE" table or, if this information is unknown and cannot be determined with due diligence, provide an estimated number, the basis for the estimate, and an explanation of the steps that would be necessary to provide an exact number.

ANSWER:

5. State the number of EID tables that are indirectly linked to the EID's "CSE" table or, if this information is unknown and cannot be determined with due diligence, provide an estimated

3

number, the basis for the estimate, and an explanation of the steps that would be necessary to provide an exact number.

ANSWER:

6. State the number of EID tables that contain sensitive personal information, as that term is defined in paragraph 7 of the declaration of Heather Lynch (Dkt. 40-8), or, if this information is unknown and cannot be determined with due diligence, provide an estimated number, the basis for the estimate, and an explanation of the steps that would be necessary to provide an exact number.

ANSWER:

7. State the number of EID data fields that contain sensitive personal information, as that term is defined in paragraph 7 of the declaration of Heather Lynch (Dkt. 40-8), or, if this information is unknown and cannot be determined with due diligence, provide an estimated number, the basis for the estimate, and an explanation of the steps that would be necessary to provide an exact number.

ANSWER:

8. State the number of EID tables that contain "personal information about witnesses involved in specific criminal incidents," as discussed in paragraph 23 of the declaration of Heather Lynch (Dkt. 40-8), or, if this information is unknown and cannot be determined with due diligence, provide an estimated number, the basis for the estimate, and an explanation of the steps that would be necessary to provide an exact number.

ANSWER:

9. State the number of EID data fields that contain "personal information about witnesses involved in specific criminal incidents," as discussed in paragraph 23 of the declaration of

Heather Lynch (Dkt. 40-8), or, if this information is unknown and cannot be determined with due diligence, provide an estimated number, the basis for the estimate, and an explanation of the steps that would be necessary to provide an exact number.

ANSWER:

10. Identify any documents, lists, or other sources of information that are within ICE's possession—or that are within CBP's possession and known and/or accessible to ICE—that could enable ICE to determine whether a given EID record is associated with an individual who was apprehended pursuant to a CBP encounter in or after Fiscal Year 2020.

ANSWER:

11. Identify and describe the size of the 10 largest records or sets of records that you have produced from the EID or IIDS in response to a FOIA request, congressional inquiry, or request from any other source outside ICE, and explain how those records or sets of records were transmitted from ICE to the requestor.

ANSWER:

12. Identify and explain the process of producing any set of records that ICE has produced from the EID or IIDS in response to a FOIA request, congressional inquiry, or request from any other source outside ICE, in which ICE has divided a large file into two or more smaller components for purposes of transmission.

ANSWER:

13. Identify the 10 datasets of person-by-person EID data with the greatest number of unredacted fields that you have released to the public—whether voluntarily, pursuant to FOIA, in response to a court order, or otherwise—and describe the steps ICE took (if any) to determine that the release of those datasets did not create an undue risk of re-identification.

ANSWER:

14. List the unredacted fields that were included in the 10 datasets of person-by-person EID data with the greatest number of unredacted fields that you have released to the public, whether voluntarily, pursuant to FOIA, in response to a court order, or otherwise.

ANSWER:

15. Describe any public releases that ICE has made from the EID—whether voluntarily, pursuant to FOIA, in response to a court order, or otherwise—of "foreign keys, primary keys, references to other databases or system names, references to the office[']s organizational structure, and data type descriptions," as these terms are used in paragraph 30 of the declaration of Nate Fontaine (Dkt. 40-2).

ANSWER:

Dated: October 31, 2024

Respectfully submitted,

/s/ Nicolas A. Sansone
Nicolas A. Sansone (admitted pro hac vice)
Michael T. Kirkpatrick (admitted pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7714
nsansone@citizen.org

*Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I certify that on October 31, 2024, a copy of Plaintiffs' First Set of Interrogatories to Defendant U.S. Immigration and Customs Enforcement was served via email on:

David M. Katz
Assistant United States Attorney
100 South Clinton Street
Syracuse, NY 13202
(315) 448-0962
DKatz@usa.doj.gov

*Counsel for Defendant U.S. Immigration and Customs Enforcement*

/s/ Nicolas A. Sansone
Nicolas A. Sansone
