# EXHIBIT J

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SUSAN B. LONG and<br>TRAC REPORTS, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 5:23-cv-1564 (DNH/TWD) |
| U.S. IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT and | ) | |
| U.S. CUSTOMS AND BORDER | ) | |
| PROTECTION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
TO DEFENDANT U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**

Plaintiffs Susan B. Long and TRAC Reports, Inc., through undersigned counsel, submit this first set of requests for admission to Defendant U.S. Immigration and Customs Enforcement (ICE) pursuant to Federal Rule of Civil Procedure 36 and the Court's October 17, 2024, order (Dkt. 45). Plaintiffs request that ICE respond to the following requests for admission within 30 days from the service date of this request. Plaintiffs request that ICE serve all responses by email to undersigned counsel at nsansone@citizen.org.

**DEFINITIONS**

"CBP" refers to Defendant U.S. Customs and Border Protection and, where applicable, its officers, directors, employees, and all other persons or entities acting on its behalf.

"EID" refers to the Enforcement Integrated Database.

"FOIA" refers to the Freedom of Information Act.

"ICE" refers to Defendant U.S. Immigration and Customs Enforcement and, where applicable, its officers, directors, employees, and all other persons or entities acting on its behalf.

"Operative FOIA request" refers to Plaintiffs' letter of August 1, 2024 (Dkt. 40-7).

## INSTRUCTIONS

If ICE fails to respond or object to any request for admission within 30 days of service of the requests, the matter at issue in the request shall be deemed admitted under Rule 36(a)(3).

Restate each request for admission in the written response, followed immediately by a response to each request for admission.

The answer to each request for admission shall specifically admit or deny the matter at issue or set forth in detail the reasons why ICE cannot truthfully admit or deny the matter.

If, in good faith, ICE can admit only part of the matter at issue in a particular request, ICE shall admit so much of the request as is true and qualify or deny the remainder.

If ICE cannot respond to any request for admission in full, it shall answer to the extent possible and specify the reasons for its inability to respond fully. If ICE objects to any part of a request for admission, it shall answer all parts of the request for admission to which it does not object and, as to each part to which it objects, separately set forth the specific basis for the objection.

If ICE lacks sufficient information to respond to a request, ICE must describe all efforts made to obtain the facts and information necessary to answer.

These requests for admission are deemed ongoing, and supplemental answers must be supplied if ICE obtains further information after the initial response has been provided.

## REQUESTS FOR ADMISSION

1. Admit that the EID's "CSE" table contains records that are responsive to Part One of Plaintiffs' operative FOIA request.

2. Admit that the EID's "CSE" table contains no "sensitive personal information," as that term is defined in paragraph 7 of Heather Lynch's declaration (Dkt. 40-8).

3. Admit that the "CSE" table's linkage fields have already been publicly released.

4. Admit that ICE is capable of extracting or producing an exact copy of an EID table.

5. Admit that the EID has "a well-defined database structure" within the meaning of 6 C.F.R. § 5.4(i)(2)(ii).

6. Admit that ICE is capable of querying the EID by case ID, such that the EID will return records that all relate to that case ID.

7. Admit that ICE has transmitted records to FOIA requestors within the last 5 years through means other than the SecureRelease Portal.

8. Admit that ICE is capable of executing a single existing command or set of existing commands that will at once redact an entire field of information within an EID table.

9. Admit that ICE has released person-by-person datasets within the last 5 years that contain more than 100 fields of information with respect to each person.

10. Admit that some or all of the person-by-person datasets that ICE has released within the last 5 years and that contain more than 100 fields of information with respect to each person have—all within the same dataset—contained unredacted fields for gender, citizenship country, birth country, birth state, birth city, birth year, race, ethnicity, most serious conviction, most serious conviction date, most serious pending charge, and "latest stay earliest detention facility."

11. Admit that some or all of the person-by-person datasets that ICE has released within the last 5 years and that contain more than 100 fields of information with respect to each person contain records for thousands of individuals.

12. Admit that ICE has publicly released a removals dataset containing records related to over 1.5 million people, with more than 100 fields of information with respect to each record.

13. Admit that ICE has previously released code look-up tables that contain fields indicating when each code and its meaning were first entered and were last revised.

14. Admit that the current location of many of the EID's foreign and primary keys have already been publicly released, whether pursuant to FOIA, under court order, or otherwise.

15. Admit that the current location of all of the foreign and primary keys with the EID's "CSE" table have already been publicly released, whether pursuant to FOIA, under court order, or otherwise.

16. Admit that EID users from CBP may access, add to, or modify information that CBP has transmitted to the EID.

17. Admit that EID users from CBP may access, add to, or modify information that ICE has transmitted to the EID.

18. Admit that ICE is not sent any kind of notification when an EID user from CBP accesses, adds to, or modifies information that was originally collected and transmitted to the EID by CBP.

19. Admit that ICE is not sent any kind of notification when an EID user from CBP accesses, adds to, or modifies information that was originally collected and transmitted to the EID by ICE.

Dated: October 31, 2024                    Respectfully submitted,

                                           /s/ Nicolas A. Sansone
                                           Nicolas A. Sansone (admitted pro hac vice)
                                           Michael T. Kirkpatrick (admitted pro hac vice)
                                           Public Citizen Litigation Group
                                           1600 20th Street NW
                                           Washington, DC 20009
                                           (202) 588-7714
                                           nsansone@citizen.org

                                           *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on October 31, 2024, a copy of Plaintiffs' First Set of Requests for

Admission to Defendant U.S. Immigration and Customs Enforcement was served via email on:

David M. Katz
Assistant United States Attorney
100 South Clinton Street
Syracuse, NY 13202
(315) 448-0962
DKatz@usa.doj.gov

*Counsel for Defendant U.S. Immigration and Customs Enforcement*

/s/ Nicolas A. Sansone
Nicolas A. Sansone
