# EXHIBIT N



**TRAC**
Transactional Records Access Clearinghouse
Syracuse University

May 17, 2010

Catrina Pavlik-Keenan, FOIA Director
U.S. Immigration and Customs Enforcement
800 North Capitol St., NW
5th Floor, Suite 585
Washington, DC 20536

    Re: FOIA request for specific information covering individuals arrested, detained, charged, returned or removed during the period October 1, 2004 to date

Dear FOIA Director Pavlik-Keenan:

    Official statistics on the total number of individuals who are subject to arrest, detention, return, and removal from the United States are published each year by the Department of Homeland Security.[1] Often as part of this process "charging documents" are issued by DHS officials seeking removal of individuals from this country. This request submitted under the provisions of the Freedom of Information Act asks for copies of anonymous alien-by-alien data covered by the Enforcement Case Tracking System and related modules for individuals and events included in these statistics or on whom "charging documents" were issued.

    *Period of Time Covered.* More specifically we are requesting alien-by alien anonymous data covering the period October 1, 2004 to date. The data should include any individual: (i) who was detained or under supervision as of October 1, 2004, or (ii) who was on or after October 1, 2004 apprehended, detained/under supervision, deported/excluded/removed or took voluntary departure, or (iii) against whom a charging document was pending as of October 1, 2004 or issued by DHS on or after October 1, 2004. Should for any reason it be easier for your office to provide a longer time period, this would also be perfectly acceptable to us.

    *Specific items of information requested.* Attachment A provides a listing of the specific items of information requested. If any item on this list will not be made available – either because you do not believe it is actually contained in your data or because you plan to withhold it – we ask to be consulted prior to making copies so that other possibilities can be discussed and so that there is a clear understanding of the nature of the information being requested. Such a procedure is needed since the table schema to these database modules which we requested last January under FOIA that identify the fields where these information items are found have not yet been furnished to us as required by law.

    *Scope of coverage.* In the case of individuals who are detained, we understand that sometimes individuals included in the above referenced statistics were not directly under ICE's supervision, but transferred to or held at detention facilities administered (or contracted for) by the Office of Refugee Resettlement Office of the Department of State. Some detainees were also kept at Bureau of Prisons facilities and the Mexican Interior Repatriation Program (MIRP) facilities. Our request extends to any

---

[1] See, for example, URL http://www.dhs.gov/xlibrary/assets/statistics/publications/enforcement_ar_08.pdf.

WWW: http://trac.syr.edu    E-mail: trac@syr.edu
Syracuse, NY: (315) 443-3563    Washington, D.C.: (202) 518-9000    West Coast: (425) 746-6372
TRAC: 360 Newhouse II, Syracuse, NY 13244-2100

Case 5:23-cv-01564-DNH-TWD   Document 47-17   Filed 11/08/24   Page 3 of 7

2

information maintained in any of the separate modules of ENFORCE that pertain to individuals counted as detained in DHS official statistics, regardless of the detention facility they were kept in or released from. Further, should detention information not be available or not relevant for a given individual, but other items of information the request covers are available, the request extends to whatever information on these individuals is recorded in ENFORCE.

*Linked tables, layout and format of copies provided.* It is our understanding that multiple events and characteristics for individuals may be maintained in separate but linked tables and modules within the database systems containing this information. This linkage is accomplished by special fields that allow information on the same individual in different tables and modules to be associated. This makes it possible to link together any relevant information concerning arrest, detention/supervision, charge, adjudication, removal and/or return for a specific individual and his or her background in a single copy of a set of tables. We ask that the copy of the requested information retain this linked table structure, allowing us to associate the information about arrest, detention/supervision, charge, adjudication, removal and return together for each anonymous individual and his or her background. We also ask that all information be provided in machine-readable electronic form, and that we be consulted in advance concerning the specific formats and file structures to be used.

*Supplemental FOIA request for records used in making copies.* We further specifically ask under the Freedom of Information Act to be provided with copies of all records indicating the method used -- including but not limited to scripts, commands, batch files, programs and queries -- to produce the copies of the information requested in this letter. We further request any outputs and logs prepared during the process of running these scripts/commands/programs and queries, or prepared to check that the copies are complete and accurate in all particulars.

We request that we be classified as "a representative of the news media" under the provisions of the Freedom of Information Act, and as representatives of "an educational or noncommercial scientific institution, whose purpose includes scholarly, scientific research." TRAC is a research data center at Syracuse University which was founded in 1989. Under the direction of its co-directors, Professors Long and Burnham, the center carries out an active program of scholarly research. As its name implies, TRAC as part of its educational and service mission also serves as a clearinghouse and regularly responds to inquiries from the press, scholars, governmental bodies, public interest groups and other members of the public on where to find government information and the specific types of information available. One of our specialties is computerized federal databases maintained by agencies to record day-by-day activities required for managing the agency and reporting on its performance to various oversight bodies.

TRAC further actively seeks to promote public understanding of the operation of the federal government's immigration enforcement programs through the gathering and dissemination of this information. At TRAC, we actively gather information of interest to the public, transform this information utilizing our editorial and research expertise into various works -- including computerized knowledge bases and reports -- and make these works available to the public. Recent TRAC reports on immigration issues can be viewed at: http://trac.syr.edu/immigration/reports/.

We also request a full waiver of fees. Disclosure of the requested information is in the public interest. Effective enforcement of current federal immigration laws through the apprehension, detention/supervision, and deportation of unlawful aliens has become a central issue in the public

debate over immigration reform. Providing humane treatment and due process as an integral part of all enforcement actions also figures prominently in the current public debate. The requested data are the official records of what the government is actually doing in enforcing our federal immigration laws. Access to this basic information is fundamental to the public's ability to become informed about these vital government activities. Further, the requested data is the source for key performance measures the agency is required to prepare, and is used in support of the agency's budget requests.

TRAC has a distinguished research record assessing federal immigration enforcement practices. The requested records are being sought in an ongoing study examining whether current immigration enforcement practices are meeting the stated goals of this administration. Financial support to offset the costs of carrying out this research in the public interest has been provided by foundation grants, gifts, and the continuing support provided by Syracuse University. Study results will be made publicly available and widely distributed through publication on our widely acclaimed public web site (http://trac.syr.edu) through which the public also can access thousands of previously prepared TRAC reports and analyses.

We have previously provided detailed information to support earlier classification and fee waiver requests, and we incorporate by reference in this request's justification all of the details contained in the August 1, 2006 letter sent on our behalf by our attorneys at Covington & Burling, LLP. Please let us know if you would like us to furnish an additional copy of this letter for your files.

Finally, we call your attention to the strict time limits set for furnishing requested records under 5 U.S.C. 552. We would very much appreciate your prompt action and response on this request.

Should you have any questions, or if we can be of any assistance, please feel free to contact us at (315) 443-3563 or by email at trac@syr.edu. Thank you very much.

Sincerely,

Susan B. Long
Co-Director, TRAC and
Associate Professor
Martin J. Whitman School of Management
Syracuse University

David Burnham
Co-Director, TRAC and
Associate Research Professor
S.I. Newhouse School of Public Communications
Syracuse University

Enclosure: List of Information Items Requested

**Attachment A**
**List of Information Items Requested**

*Concerning the alien's background:*
1. nationality or country of citizenship
2. gender
3. age
4. number of children and their status (3 illegal children in US, 1 US citizen child, etc.)
5. parent status and kin relationship
6. marital status
7. date of original entry into the United States
8. nature of original entry (legal, without inspection, etc.)
9. legal permanent resident or not
10. each previous criminal charges- 1, 2, 3, 4, etc. (individually list available details on each particular charge)
11. status of each criminal charge – 1, 2, 3, 4 etc. (for each charge listed, its status (convicted, not guilty, dismissed, pending, etc.)
12. aggravated felon code
13. subject to mandatory detention
14. current case category (voluntary departure-unexpired and unextended departure period, deportable – under adjudication by IJ, deportable – under adjudication by BIA, referred to investigations, … reinstated final order, etc.)

*Concerning the alien's apprehension or arrest:*
15. date and time of day of each apprehension
16. location of each apprehension (city and state, etc.)
17. arresting authority for each apprehension (ICE, CBP, USCIS etc.)
18. program or area under which each apprehension took place (Criminal Alien Program, State and Local 287(g), Secure Communities, Fugitive Operations, Office of Investigations, Border Patrol Operation Streamline, etc.)
19. whether released to the arresting authority directly from jail or prison after serving time on a criminal conviction

*Concerning an alien's detention and supervised custody:*
20. "charge-in" category
21. "final-charge" category
22. classification (low custody, medium custody, high custody, etc.)
23. for each continuous period of an alien's detention:
    a. the initial book-in date and time of day
    b. ICE field and subfield office for initial book-in
    c. ICE Document Control Office (DCO) at time of initial book-in
    d. the detention facility where initially booked in (including any holding areas and staging facilities)

      e. the release date and time of day (where applicable)
      f. ICE field and subfield office at time of release or currently
      g. ICE Document Control Office (DCO) at time of release or currently
      h. the detention facility where released, or if not yet released the current detention facility in which detained
      i. if released, the release type (removal, voluntary departure, released on bond, paroled, order of supervised release, died, escaped, etc.)
24. for each period of an alien's community-based ("alternatives to detention" (ATD)) supervision of a given type:
      a. the date and time of day of the initial start of the ATD supervision
      b. the type of ATD utilized (for example, "Intensive Supervision Appearance Program (ISAP), Enhanced Supervision Reporting (ESR), etc.)
      c. ICE field and subfield office at initial start of the ATD supervision
      d. ICE Document Control Office (DCO) at initial start of the ATD supervision
      e. ICE field and subfield office at end of supervision or currently
      f. ICE Document Control Office (DCO) at end of supervision or currently
      g. the date and time of day of the end of the ATD supervision
      h. the reason for ending the ATD supervision

**Concerning an alien's adjudicatory process:**
25. date of each charging document seeking removal/exclusion/deportation etc.
26. details of removal charges included in each charging document
27. authority issuing each charging document (CBP, ICE, USCIS, etc.)
28. authority each charging document filed with (administrative, Immigration Court, etc.)
29. did alien stipulate to removal at time charging document issued or on or before charging document filed
30. location (city, state) for each authority charging document filed with
31. date final outcome determined on each charging document
32. authority determining each final outcome (administrative, Immigration Court, BIA, Court of Appeals, etc.)
33. location of authority determining each final outcome (city, state)
34. decision code for final outcome on each charging document
35. if applicable, date of "final order"
36. whether alien has applied for asylum
37. whether alien has been granted asylum
38. if applicable, date referred to federal prosecutor for criminal prosecution
39. authority referring alien to federal prosecutor for criminal prosecution (CBP, ICE, USCIS, etc.)

### *Concerning an alien's return or removal:*
40. date and time of day of each recorded departure from the United States
41. departure cleared status for each recorded departure
42. departure location (city, state and port)
43. detailed classification for type of removal, etc.

### *Current status of case:*
44. case category
45. open/closed