# PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW • Washington DC 20009
202/588-1000 • www.citizen.org

December 19, 2024

**VIA CM/ECF**
Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, NY 13261-7346

Re:   *Long et al. v. U.S. Immigration & Customs Enforcement et al.*, No. 5:23-cv-01564
       Letter Request for a Conference

Dear Judge Dancks:

      The undersigned represent Plaintiffs Susan B. Long and TRAC Reports, Inc., in this Freedom of Information Act (FOIA) case. Plaintiffs submit this letter to request that this Court schedule a conference at which Plaintiffs will seek this Court's permission to file a motion to compel Defendants U.S. Immigration and Customs Enforcement (ICE) and U.S. Customs and Border Protection (CBP) to respond to discovery demands that Plaintiffs served, with this Court's permission, on October 31, 2024. Counsel for the parties met and conferred on December 19, 2024, and were unable to resolve the issues that would form the subject of Plaintiffs' motion to compel.

      By way of background, Plaintiffs filed this lawsuit to require ICE and CBP to respond to FOIA requests that Plaintiffs submitted in September 2023. On October 1, 2024, both agencies moved for summary judgment (Dkt. 39–40), arguing that neither agency is obliged to produce any records in response to the FOIA requests at issue. To support their summary-judgment motions, both agencies submitted declarations from agency personnel. The declarations contain a number of factual representations that Plaintiffs believe are incorrect, incomplete, or misleading. In response, Plaintiffs filed a motion asking this Court to suspend the summary-judgment briefing schedule and authorize Plaintiffs to file a motion to compel discovery into the issues presented by the summary-judgment motions (Dkt. 43). During an October 16, 2024, telephonic conference, this Court declined to suspend summary-judgment briefing but authorized Plaintiffs to serve discovery demands on ICE and CBP. Plaintiffs accordingly served requests for production, interrogatories, and requests for admission on the agencies on October 31, 2024. These discovery demands appear at Docket Numbers 46-4 through 46-6 (CBP) and 47-10 through 47-12 (ICE).

      On December 13, 2024, both agencies responded to Plaintiffs' discovery demands. Neither agency produced any document, answered any interrogatory, or responded to any request for admission. Among other things, both agencies take the position that discovery is categorically unavailable in this case because Plaintiffs have not adequately demonstrated an entitlement to discovery. Undersigned counsel contacted counsel for the agencies on the following business day—December 16, 2024—and counsel for the parties met and conferred regarding the agencies' discovery answers on December 19, 2024. Following the meet-and-confer, it is clear that the

Page 2

agencies intend to maintain their position that they are categorically exempt from responding to Plaintiffs' discovery demands and that Plaintiffs intend to maintain their position that the agencies are not categorically exempt from doing so.

Plaintiffs now hope to seek this Court's resolution of this disagreement by filing an opposed motion to compel ICE and CBP to respond to the October 31, 2024, discovery demands. Because of the parties' fundamental disagreement over whether ICE and CBP are required to produce *any* discovery in this case, the parties have not considered whether they may be able to amicably resolve any of the objections that the agencies have directed toward specific items within Plaintiffs' discovery demands. Accordingly, the parties agree that Plaintiffs' motion to compel will address only the threshold question whether Plaintiffs are entitled to any discovery at all.

Under this Court's Rule 7.1(a)(2), a court conference is a necessary prerequisite for a party that seeks permission to file a non-dispositive motion. Plaintiffs therefore respectfully ask this Court to schedule a conference at the Court's earliest convenience. Counsel for the parties have conferred regarding their availability. Plaintiffs' counsel has a prior commitment on the morning of January 2, and Defendants' counsel has a prior commitment on the morning of January 13. In addition, Defendants' counsel will be unavailable the week of January 6 through January 10. Otherwise, the parties are available in the coming weeks to confer with the Court on this matter.

Sincerely,

Nicolas A. Sansone (admitted pro hac vice)
Michael T. Kirkpatrick (admitted pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

*Counsel for Plaintiffs*