

United States Department of Justice

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*   Tel.: (315) 448-0672
*James M. Hanley Federal Building*   Fax: (315) 448-0646
*Syracuse, New York 13261-7198*

December 30, 2024

**VIA CM/ECF**
Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, New York 13261-7346

      Re:    *Long et al. v. U.S. ICE & U.S. CBP*:  Letter Brief Pursuant to Dkt. # 53
              Civil Action No.: 5:23-CV-1564 (DNH/TWD)

Dear Judge Dancks:

      Plaintiffs have not established a right to conduct discovery.  Plaintiffs' ability to engage in discovery does not automatically adhere—and indeed discovery is disfavored—in Freedom of Information Act ("FOIA") cases.  *Wheeler v. C.I.A.*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003).  "Claims under the [FOIA] are typically resolved" on summary judgment "without discovery" and "on the basis of the agency's affidavits."  *CareToLive v. F.D.A.*, 631 F.3d 336, 345–46 (6th Cir. 2011); *accord Long v. Office of Personnel Mgmt.*, 692 F.3d 185, 191 (2d Cir. 2012).  Courts generally allow Defendants to seek summary judgment before entertaining a request for discovery from Plaintiffs, and by the same token Plaintiffs generally must overcome the presumption that an agency's declarations have been submitted in good faith before discovery can be ordered.  *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993); *Pendell v. U.S. Secret Serv.*, No. 1:18-cv-0352-GTS-TWD, 2019 WL 6840125, at *8 (N.D.N.Y. Dec. 16, 2019).  The parties briefed these issues in their summary judgment motions.  Notably, Plaintiffs bear a heavy burden there: "[t]he mere suspicion of bad faith . . . cannot" to trigger discovery.  *In re Clinton*, 973 F.3d 106, 114 (D.C. Cir. 2020).  Even a "weak inference" of bad faith is not enough.  *N.Y. Times Co. v. Dep't of Treasury*, No. 15-5740, 2016 WL 1651867, at *4 (S.D.N.Y. Apr. 26, 2016).

      Allowing a motion to compel discovery would put the cart before the horse.  Plaintiffs attempted to establish a right to conduct discovery in opposition to Defendants' motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(f).  Until the Court decides the issue in that setting, a motion to compel is unavoidably premature: it would be anomalous to compel Defendants to provide responses to demands that Plaintiffs had no right to serve or to respond to demands regarding issues that are not part of the case.  Moreover, before a finding of bad faith, and before a determination as to what issues remain more generally, "there is not enough information to conclusively determine . . . whether or to what extent discovery should be permitted, or whether the case or particular issues can be properly decided without discovery."  *Lion Raisins, Inc. v. U.S. Dep't of Agric.*, No. 08-0358, 2009 WL 160283, at *3 (E.D. Cal. Jan.

Letter to The Honorable Therese Wiley Dancks
*Long et al. v. U.S. ICE & U.S. CBP*
Civil Action No.: 5:23-CV-1564
December 30, 2024
Page 2

21, 2009). Further, if ICE and/or CBP are entitled to summary judgment, discovery would be wholly or partially moot. Even if one or both agencies do not obtain summary judgment, it does not necessarily follow that discovery is warranted.[1]

More broadly, allowing Plaintiffs to conduct discovery risks allowing Plaintiffs to short-circuit the FOIA process. "While ordinarily the discovery process grants each party access to evidence, in FOIA . . . cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). Compelling Defendants to respond to Plaintiffs' broad-ranging discovery requests would give Plaintiffs "the very remedy for which [Plaintiffs] seek[] to prevail in the suit." *Tax Analysts v. Internal Rev. Serv.*, 410 F.3d 715, 722 (D.C. Cir. 2005).

These principles counseling against discovery ring true here. Plaintiffs' demands highlight why discovery is limited in these cases. The demands seek information on a broad range of topics that expand upon—and depart from—Plaintiffs' initial FOIA request.[2] Plaintiffs—sophisticated FOIA requesters with more than a decade of litigation against ICE alone—provided broad-ranging discovery demands using a variety of devices and on a variety of topics. ICE received 25 requests for production, 15 interrogatories, and 19 requests for admission. CBP received 13 requests for production, 13 interrogatories, and 14 requests for admission. These demands spanned factual topics and legal issues that have no place in this case, or may not have a place in this case after the summary judgment motions are decided.

Finally, allowing a motion to compel further responses to Plaintiffs' discovery demands would risk inconsistent judicial rulings. Plaintiffs raised—and Defendants have responded to—Plaintiffs' claimed ability to conduct discovery in the summary judgment briefing. The same issue would necessarily need to be analyzed to decide Plaintiffs' proposed motion to compel discovery. For these reasons, Plaintiffs have not established a right to discovery as a threshold matter and should not be allowed to pursue a motion to compel discovery.

---

[1] Agency declarations must also be "reasonably detailed" and "the Court must be satisfied that no factual dispute remains." *Schrecker v. D.O.J.*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003). However, these requirements do not affect Plaintiffs' entitlement to conduct discovery. *See CareToLive*, 631 F.3d at 345. Instead, these issues pertain to whether the agency should be ordered to provide further information via supplemental briefing, an evidentiary hearing, or a renewed motion for summary judgment. *Beltranena v. Clinton*, 770 F. Supp. 2d 175, 187 (D.D.C. 2011).

[2] *See* Exh. **"A"** (ICE responses to discovery demands); Exh. **"B"** (CBP responses to discovery demands). At the meet-and-confer prior to this briefing, Defendants explained Plaintiffs had not established a right to conduct discovery, but also asked Plaintiffs' counsel if Plaintiffs would be interested in meeting and conferring on the broad scope of their discovery demands and the objections Defendants raised. Plaintiffs lack interest in these types of discussions. Instead, Plaintiffs prefer to proceed to motion practice on these broad-ranging requests.

Letter to The Honorable Therese Wiley Dancks
*Long et al. v. U.S. ICE & U.S. CBP*
Civil Action No.: 5:23-CV-1564
December 30, 2024
Page 3

                                                Respectfully Submitted,

                                                CARLA B. FREEDMAN
                                                United States Attorney

By:    */s/ David M. Katz*
        David M. Katz
        Assistant United States Attorney
        Bar Roll No. 700065

CC:    Counsel for all parties of record (via CM/ECF)